*L. M. Campbell,* for appellee.

———o———

## LEE AND WIFE *v.* BACK.

PARENT AND CHILD.—*Custody.*—*Jurisdiction.*—A judgment, the effect of which is to deprive a father of the right to the custody of his infant child, without jurisdiction of the person of the father having been acquired by notice, is void.

COLLATERAL PROCEEDINGS.—*Fraud.*—A stranger to a judgment may attack it in a collateral proceeding for fraud used in obtaining it.

APPEAL from the Decatur Circuit Court.

GREGORY, J.—A writ of *habeas corpus* was issued in the court below on the petition of the appellee, setting forth that he is the father of Eliza Back, aged four years and nine months, and that the appellants have the possession of the child and refuse to deliver it to him.

The defendants return to the writ, that they have had the child in their custody and control since February, 1864; that on or about the ——— day of April, 1864, the appellee, who is the father of the infant, was a resident of Hamilton county, in the State of Ohio; at said time the mother of the infant child died, and prior to the death of the mother, the father and mother both gave the

child to the respondents, and requested them to take charge of and raise and educate it, which they consented to do; that afterwards, in June, 1864, less than three months after the death of his wife, the appellee intermarried by the name of John Myers with ―― ――, whose name is unknown, at Newport, Kentucky; that afterwards the appellee reclaimed the child from the respondents, and retained the custody thereof until the 12th of July, 1865, when, while in prison as a deserter, in Cincinnati, the petitioner earnestly requested respondents to take the child, and respondents agreed to, and did, receive it, agreeing to rear and educate it as their own; that the appellee executed to respondents at the time the following paper:

"CINCINNATI, 12th July, 1864.

"*Mrs. Christian Paul Snively*, Please let the bearer, Mrs. J. H. Lee, have my child, Eliza Baugh, and you oblige

"JOHN BAUGH."

"N. B. This child I give to Mrs. J. H. Lee, to raise and keep.                          JOHN BAUGH.

That from and after that time the respondents have maintained and supported the child and treated it as their own; that on the 26th of December, 1866, by virtue of the statute of the State of Ohio (which is set out), by the order and decree of the Probate Court of Hamilton county, Ohio, the respondents adopted the child. A certified transcript of the order and decree is made a part of the answer. The application was made and the order and decree based on the allegation that the mother of the child was dead, and that the father had abandoned it.

The statute of Ohio set forth in the answer does not in terms require notice to be given to the parents in case of abandonment of their children, and in such case authorizes any inhabitant of that State to adopt a child thus abandoned. The transcript filed with the answer shows no notice to the father, but the appointment of a next friend for the child. There was no appearance by the father. The case is entitled, "In the matter of the adoption of

Eliza Baugh, a minor child, and for a change of name." The return further avers that the child and the respondents were residents of the county of Hamilton, Ohio, and resided therein at the time of the adoption. Wherefore the respondents say that they are entitled to the care and custody of the child; that they are proper persons to have such custody; that the child desires to remain with them; that the child is the only heir of respondents, and that they are worth four thousand dollars.

The appellee answered the return, that in August, 1862, he and the mother of the child were *bona fide* residents of Indianapolis, Marion county, Indiana; that at the breaking out of the late civil war he enlisted in the military service of the United States; that the child was born on the 1st of February, 1863, in the city of Indianapolis, Indiana, while the father was in the army; that shortly after the birth of the child the mother took sick, and as the petitioner could not get a furlough, he left the army without leave, to visit his sick wife; that while at home he and his wife and child moved to the city of Cincinnati, Ohio, and remained there until the death of his wife; that while there, on the 12th of July, 1864, the petitioner executed an order to Mrs. Christian Paul Snively, authorizing her to deliver the child to the respondent, Mrs. J. H. Lee, but that so much of exhibit "B" in respondents' answer as purported to give the child to Mrs. J. H. Lee, to raise and to keep, he denies the execution of the same, and says that he never did, at any time, give the child to her, or any one else, to raise and to keep, but it was expressly understood that the petitioner was to have the child on his return from the army; that thereafter he immediately returned to the army, and continued in the service until the 11th of January, 1866, when he was honorably discharged from company F, 52d regiment Indiana volunteers, at Indianapolis, Indiana; that after his return to the army the petitioner sent money to Mrs. Lee for the benefit of the child; that ever since his discharge he has resided in Indianapolis,

Indiana; that immediately after his return from the army he visited the child at Cincinnati, and made a payment of twenty dollars to respondents for the support of the child; that in June, 1866, the petitioner was married in Indianapolis, to his present wife, and in the following July he and his wife went to Cincinnati and both begged the respondents to give the custody of the child to the petitioner, which they refused; that the petitioner has ever since been desirous of getting the custody of the child from the respondents, of which fact they have had knowledge at all times; that afterwards, on the 26th of December, 1866, the respondents fraudulently procured the order and decree set out in the return, without the knowledge and consent of the petitioner; that at the time, the petitioner was a *bona fide* resident of Marion county, Indiana, of which respondents had knowledge; that petitioner was not a party to the proceedings, and had no knowledge thereof; neither was he, at the time, within the State of Ohio, or within the jurisdiction of said probate court; that the petitioner had no knowledge of the proceedings or decree of said court until it was produced in this cause; that the petitioner has never abandoned the child; that the respondents are unfit to have the custody and education of the child; that the respondents do not live together agreeably as husband and wife; that the respondent Hannah is in the habit of using profane and obscene language in the presence of the child; that the petitioner is abundantly able and willing to raise and educate the child as befits her station in life, and is a proper person to raise and educate it; that the respondents have voluntarily left their former place of residence in Hamilton county, Ohio, and have brought the child to Decatur county, Indiana, where they have established their residence; that petitioner is a resident of Marion county, Indiana. This answer was sworn to by the petitioner. A motion to strike out this answer was overruled. The appellants then demurred thereto, which demurrer was overruled. The petitioner then filed the general denial to the return.

The appellants replied to the answer by the general denial. Trial by the court; finding, "that the appellee is the father of Eliza Baugh, and, as such, entitled to her custody and possession, and that she is unlawfully detained from him by the respondents, John H. Lee and Hannah Lee, at said county."

The appellants moved for a new trial, which was overruled. A bill of exceptions makes the evidence a part of the record.

The question in this case is as to the effect of the record of the order and decree of the Probate Court of Hamilton county, Ohio.

If the proceeding is to be regarded as an adversary proceeding, the effect of which is to deprive the father of his right to the custody of his infant child, then the judgment is void for the want of notice. In *Chase* v. *Hathaway*, 14 Mass. 222, Chief Justice PARKER, in speaking for the court, says:—"It is a fundamental principle of justice, essential to every free government, that every citizen shall be maintained in the enjoyment of his liberty and property, unless he has forfeited them by the standing laws of the community, and has had opportunity to answer such charges as, according to those laws, will justify a forfeiture or suspension of them. And whenever the legislature has provided that, on account of crime or misfortune, the public safety or convenience demands a suspension of these essential rights of the individual, and has provided a judicial process, by which the facts shall be ascertained; it is to be understood as required that the tribunal, to which is committed the duty of inquiring and determining, shall give opportunity to the subject to be heard in support of his innocence or his capacity."

Under the facts averred in the answer to the return, the court in Ohio could not have obtained jurisdiction of the person of the appellee. But if this proceeding in the Ohio court is to be regarded as one affecting the child, to which the father was not and could not have been a party, then it

is clear, that so far as his right to the custody of his infant child is concerned, the order and decree may be attacked for fraud.

The rule is stated by Chief Justice SHAW, in *Greene* v. *Greene*, 2 Gray, 361, thus: " that fraud was a matter of fact, and, if used in obtaining judgment, was a deceit on the court and hurtful to strangers, who, as they could not come in to reverse or set aside the judgment, must of necessity be admitted to aver it was fraudulent."

The allegation on which the court in Ohio acted, that the father had abandoned his child, was false: the averment was made in bad faith by the appellants, and was a fraud on the court.

The court committed no error in overruling the motion for a new trial. The evidence sustains the finding. The answer to the return was good.

The judgment is affirmed, with costs.

ELLIOTT, J., dissents.

*J. Gavin* and *G. Gryden*, for appellants.

*J. W. Gordon* and *W. March*, for appellee.

