The State, *ex rel.* Metsker, Guardian, *v.* Mills *et al.*

---

No. 8772.

THE STATE, EX REL. METSKER, GUARDIAN, *v.* MILLS ET AL.

GUARDIAN'S BOND.—*Appointment of Guardian.*—*Recitals in Bond.*—*Estoppel of Sureties.*—In an action on a guardian's bond, the sureties therein are estopped by the recital in the bond, executed by them, of the appointment of the guardian, to controvert the fact therein recited that he was such guardian at the time the bond was executed.

SAME.—*Pleading.*—*Reply.*—A bad reply is a sufficient reply to a bad answer.

SAME.—*New Trial.*—*Insufficiency of Evidence.*—Where there is no evidence tending to sustain the verdict of a jury, a new trial ought to be granted.

From the Madison Circuit Court.

*D. Moss* and *R. R. Stephenson,* for appellant.

*T. J. Kane* and *T. P. Davis,* for appellees.

HOWK, J.—This suit was commenced by the appellant's relator, as guardian of the person and estate of Clara M. Mills, an infant, against the appellees as defendants, in the Hamilton Circuit Court. The relator's complaint counted upon a penal bond, in the sum of four thousand dollars, bearing date on January 28th, 1870, and executed by the appellee Mills, as principal, and by his co-appellees Joseph R. Gray and Nehemiah H. Baker, as his sureties, to the State of Indiana. The bond appeared to have been taken and approved on the day of its date by the court of common pleas of Hamilton county, and was subject to the following condition :

" The condition of the above obligation is, that as the above bound Elisha Mills, guardian of Frank A. Mills and Clara M. Mills, minor heirs of Martha Wren, deceased, has been ordered by the court of common pleas of Hamilton county, to sell certain real estate of the said wards : Now, if the said Elisha Mills will faithfully discharge the duties of his trust, according to law, then the above obligation is to be void, else to remain in full force in law."

Proper breaches of this condition were assigned by appellant's relator in his complaint, and judgment was therein demanded for two thousand dollars.

The cause having been put at issue, on the relator's application, the venue thereof was changed to the Madison Circuit Court. There, the issues joined were tried by a jury, and a verdict was returned for the appellees, and, over the relator's motion for a new trial, the court rendered judgment on the verdict.

The errors assigned by the appellant's relator, and relied upon by his counsel for the reversal of the judgment below, are the decisions of the circuit court in overruling his demurrer to the first and fourth paragraphs of the answer of the appellees Gray and Baker, and in sustaining the appellees'

demurrer to the first paragraph of the relator's reply to said first and fourth paragraphs of answer.

We think these errors are well assigned. In each of the first and fourth paragraphs of their answer, the defence stated by the appellees Gray and Baker was in substance, that the appellee Elisha Mills was never, in fact, the guardian of either the person or estate of the said Clara M. Mills. The question presented for decision by the relator's demurrer to the first and fourth paragraphs of answer was, whether the appellees Gray and Baker were or were not estopped by the recitals in the bond in suit, executed by them, to controvert the fact therein recited, that Elisha Mills was the guardian of Frank A. Mills and Clara M. Mills when the bond was executed. This precise question was carefully considered by this court in the recent case of *Gray* v. *State, ex rel.*, 78 Ind. 68, which was a suit upon the same bond that is now in suit, upon the relation of said Frank A. Mills. In the case cited, it was held that said Gray and Baker were estopped by the recitals in said bond to controvert the fact that Elisha Mills was such guardian when the bond was executed. We are of the opinion, therefore, that the court erred in the case at bar, in overruling the relator's demurrers to the first and fourth paragraphs of answer.

In regard to the first reply of the relator to said first and fourth paragraphs of answer, it seems to us an immaterial question whether or not the facts stated in the reply were sufficient to withstand the demurrer thereto. A bad reply is a sufficient reply to a bad answer. The demurrer to the reply searched the record, and it should have been carried back, we think, and sustained to the paragraphs of answer, to which the reply was addressed, and which, as we have seen, were clearly insufficient. *Ætna Ins. Co.* v. *Baker*, 71 Ind. 102.

The judgment in favor of the appellees Gray and Baker is reversed, at their costs, and the cause is remanded, with instructions to sustain the demurrers to the first and fourth par-

agraphs of their answer, and for further proceedings not inconsistent with this opinion.

It was also assigned as error, that the circuit court had erred in overruling the relator's motion for a new trial.    In this motion it was assigned, *inter alia,* as cause for such new trial, that the verdict was not sustained by sufficient evidence. As to the appellee Elisha Mills, it may be well said that there was absolutely no evidence whatever, tending even remotely, to sustain the verdict of the jury.    As to him, therefore, we are of the opinion that the court clearly erred in overruling the relator's motion for a new trial.

The judgment in favor of the appellee Elisha Mills is reversed, with costs, and the cause is remanded, with instructions to sustain the relator's motion for a new trial, and for further proceedings.