## ROMY ET AL. v. STATE, EX REL. BRANNAN, ADMIN-ISTRATOR.

[No. 4,097.  Filed June 16, 1903.  Rehearing denied January 7, 1904.]

APPEAL AND ERROR.—*Harmless Error.*—Where the jury found that a paragraph of answer was untrue, available error can not be predicated upon the action of the court in sustaining a demurrer thereto.  *p. 154.*

COURT.—*Superior Court of Allen County.*—*Jurisdiction.*—The Superior Court of Allen County has jurisdiction of proceedings for the partition of real estate situated in that county.  *pp. 154, 155.*

EXECUTORS AND ADMINISTRATORS.—*Administrator for Absentee.*—The validity of the proceedings for the appointment of an administrator of the estate of an absentee, under §2385 et seq. Burns 1901, is not affected by the fact that in truth the absentee was still alive.  *p. 155.*

SAME.—*Administrator for Absentee.*—It is not required in order to give the court jurisdiction to appoint an administrator of the estate of an absentee under §2385 et seq. Burns 1901 that the absentee should have been a resident of the county making the appointment.  It is sufficient if it be shown that the absentee had been a resident of this State and had left property which was situated in such county.  *p. 155.*

SAME.—*Administrator for Absentee.*—The administrator of the estate of an absentee is subject to the same liabilities and duties in relation to the property of the absentee that would have appertained to him if he had held such property as administrator of a decedent's estate.  *p. 156.*

SAME.—*Administrator of Absentee.*—*Sureties on Bond.*—*Estoppel.*—The sureties on the bond of an administrator of an absent person are estopped, in an action on the bond, to assert, against the recitals of the bond, that the absentee was not dead, or that their principal was not his administrator, or that his appointment was invalid, or that he was not subject to all the liabilities and duties of an administrator of a decedent's estate in relation to the personal property which came to his possession as such administrator.  *pp. 156, 157.*

PLEADING.—*Pleas in Bar.*—*Pleas in Abatement.*—*Estoppel.*—*Administrator de bonis non.*—By pleading in bar, and not in abatement, the defendants in an action by an administrator *de bonis non* on the bond of an administrator, admitted the capacity of the plaintiff to sue in the character of administrator *de bonis non*.  *p. 157.*

From Allen Circuit Court; *Edward O'Rourke*, Judge.

Action by the State, on the relation of John H. Brannan, administrator *de bonis non* of the estate of James Franklin Smothers, deceased, against Robert L. Romy and another. From a judgment in favor of plaintiff, defendants appeal. *Affirmed.*

*W. H. Reed* and *S. R. Alden,* for appellants.
*W. P. Breen* and *John Morris, Jr.,* for appellee.

BLACK, J.—This was an action on the bond of Peter W. Schaden, as administrator of James Franklin Smothers, deceased, against the appellants, who were sureties on the bond; the administrator having died, and the action being brought by the appellee, administrator *de bonis non* of said estate.

The appellants present for our consideration the question as to the sufficiency of the complaint after verdict, and the action of the court in sustaining a demurrer to their second and third paragraphs of answer.

In the complaint it was shown, in substance, that in 1896 one Catherine E. Sunderland commenced a proceeding in the superior court of Allen county against James Franklin Smothers and others, named, for the partition of certain real estate in that county; that such proceedings were had therein that the court found and decreed that the real estate was indivisible and should be sold, and one-eighth of the proceeds, less costs, be paid to James Franklin Smothers, appellee's intestate; and the court appointed Peter W. Schaden as a commissioner to sell the real estate, and to distribute the proceeds according to the decree. It was averred that Schaden accepted the appointment, and executed and filed his bond for the faithful discharge of his duties as such commissioner, sold the real estate, and collected the proceeds (being a specified sum) July 1, 1897; that the share of the proceeds, after payment of costs and expenses, which by the decree should be paid to James Franklin Smothers was $409.01; that December 20, 1897, Schaden was appointed by the Allen

Circuit Court as administrator of the estate of James
Franklin Smothers, deceased; that Schaden accepted the
appointment, and December 20, 1897, executed his bond
for the faithful discharge of his duties as such adminis-
trator, with the appellants as sureties thereon, which bond
was approved on the same day by the judge of the court
last above named. The bond exhibited with the complaint
was a bond to the State of Indiana in the sum of $800,
and was conditioned that Schaden should faithfully dis-
charge the duties of his trust "as administrator of the
estate of James Franklin Smothers, deceased, according to
law." It was alleged that Schaden entered upon the du-
ties of administrator of said estate, and thereupon, as com-
missioner in the partition suit, he paid to himself, as such
administrator, $409.01, which, by the terms of the decree
in partition, was payable to his intestate; that January 6,
1898, Schaden, as such commissioner, reported to the
Allen Superior Court that he had received a specified sum,
and had fully distributed the same, paying to himself, as
such administrator, $409.01, and filed his report and
voucher therefor as such administrator, acknowledging the
receipt of said money; that thereafter Schaden, while in
life, converted to his own use said sum of $409.01, so held
by him as administrator; that July 6, 1898, Schaden died
intestate in Allen county, and on February 4, 1899, appel-
lee John W. Brannan was appointed by the Allen Circuit
Court administrator de bonis non of said estate of James
Franklin Smothers, deceased, duly qualified as such, etc.
The complaint showed the making of a demand for the
payment of said sum of $409.01 of the administratrix of
the estate of Peter W. Schaden, deceased, and of the ap-
pellants, but that neither of them had paid that sum or
any part thereof; that said sum so received by Schaden as
administrator never came into the hands of the adminis-
tratrix of his estate, but was converted by him to his own
use before his death.

In the first paragraph of the substituted answer, of three paragraphs, the appellants alleged that Schaden, the deceased principal upon the bond in suit, on receipt of the money for the lands sold by him as commissioner, deposited the same, except an amount specified, allowed him as fees, in a bank named, of Ft. Wayne, Indiana, to his credit as commissioner; that thereafter, and prior to his appointment as administrator of the estate of James Franklin Smothers, Schaden paid from such funds, by his checks as commissioner, the distributive shares of the remaining tenants in common of the real estate, and also paid out all the remainder thereof, except $12.65, to himself and various people for his own individual use, and converted the same to his own use; believing that, by the expiration of one year from his appointment as administrator, he would be able to repay such funds so converted, he executed to himself, as such commissioner, a receipt for said $409.01, prior to his appointment as administrator, and thereafter, as such commissioner, he filed the same as a voucher with his report of distribution in the partition proceeding, but he did not at any time pay to himself as administrator said sum, or any sum, and said receipt was filed by him without any knowledge thereof of the appellants, who did not, prior to his death, learn or know of his having made any statement of any kind as to the receipt of any money as administrator; that prior to the commencement of this suit, upon the appellee's calling the attention of the appellants to the matter, and requesting payment of the $409.01, appellants offered to pay said sum of $12.65, and they have since always held themselves ready and have frequently offered to pay this sum in settlement of the appellee's claim upon them, but appellee has refused to accept the same, and the appellants bring the same into court for the appellee's benefit, regardless of whether they are liable therefor.

The second paragraph of answer, a demurrer to which was sustained, was like the first, except that it omitted t' ; averment of the offers and readiness to pay the $12.6'', and the bringing of that sum into court, and, inste. ! thereof, alleged that Schaden, subsequent to his appoint-ment as administrator, checked, as such commissioner, said $12.65 to himself personally, and used the same for his own benefit, and never set the same aside or held it for the benefit of said estate.

In the third paragraph of answer, a demurrer to which also was sustained, it was alleged that the James Franklin Smothers alleged in the complaint to have deceased intes-tate, since prior to the year 1889, with his wife and chil-dren, had for a long period lived in the state of Missis-sippi, and there acquired a residence and domicile, and never became a resident of Allen county, Indiana; that in the latter part of the year 1891 Smothers left his home in Brookhaven, Lincoln county, Mississippi, abandoned his wife and children, and went to live with a colored woman within a few miles of his home, and never there-after lived with his own family, and his wife, within a year or two thereafter, procured a divorce from him in that state; that his three children, named, in 1897 em-ployed Schaden, the principal in the bond in suit, as their attorney to recover for them whatever he could from the interest of their father in lands in Allen county, Indiana, and Schaden remained their attorney until his death; that as such attorney he filed a paper in the office of the clerk of the Allen Circuit Court, February 16, 1897, as follows: "State of Indiana, Allen County. In the Allen Circuit Court, February term, 1897. In the matter of the estate of James Franklin Smothers, an absentee. Petition. To the Honorable Allen Circuit Court. Your petitioner shows and represents to the court that during the year 1889 James Franklin Smothers was a resident of Allen county, and State of Indiana; that during said year said

Smothers left said county, and went to parts unknown, and has continuously for six years last past absented himself from his usual place of residence, leaving property, real and personal, in said county, where said property still is, and is of the probable value of $200, without having made any sufficient provision for the management of the same; that said property is suffering waste for want of proper care; and that said absentee left a family of three children, who are now in need of the use and proceeds of said property for their support and education. Wherefore the petitioner prays, upon proof of these facts, that the court appoint an administrator of the estate of James Franklin Smothers." This was signed "John Henry Smothers, by P. W. Schaden, his attorney."

It was further alleged that thereafter, without an order of court or any indorsement on said paper, Schaden, as such attorney, procured to be published a notice of the filing of such petition, and that the same would be heard April 1, 1897, for one insertion only in the Ft. Wayne Weekly Journal and Indianapolis Daily Sentinel, on February 20 in the latter and on February 18 in the former; that the only action, order, or proceedings of the Allen Circuit Court in relation thereto was had and done and entered December 11, 1897, and the order-book entry thereof, duly signed by the court, is as follows: "No. 7378. Day 23, November term, 1897. December 11, 1897. In re James Franklin Smothers, an absentee. Comes now John Henry Smothers and shows to the court that due notice of the filing and pendency of the petition herein was given said James Franklin Smothers by publication in the Indianapolis Daily Sentinel, a newspaper of general circulation, printed and published in the city of Indianapolis, State of Indiana, to appear to said petition on the 1st day of April, 1897, which notice and the proof of publication thereof are in these words (here insert); and said John Henry Smothers further shows to the court

that notice was also given said James Franklin Smothers to appear to said petition on said 1st day of April, 1897, by publication in the Ft. Wayne Weekly Journal, a newspaper of general circulation printed and published in the city of Ft. Wayne, Indiana, which notice and the proof of publication are in these words (here insert) ; and said James Franklin Smothers being three times called, in open court, comes not, but herein makes default. And the depositions on file are ordered published, and, a jury herein being waived, the matter is submitted to the court for trial; and, having heard the evidence and proofs, the court finds that said James Franklin Smothers is dead. It is therefore considered and decreed that said James Franklin Smothers is dead."

It was further alleged that said James Franklin Smothers was not a resident of the State of Indiana, but was, and for years has been, a resident of and living with his wife and children in the state of Mississippi, at the time he abandoned his family and absented himself from his usual place of residence in 1891, and never thereafter became a resident of the State of Indiana, and is not dead, but is still living; that, based upon the said proceedings evidenced by the entry aforesaid, Schaden procured himself to be appointed administrator of the estate of James Franklin Smothers, as an absentee, on the ―――― day of December, 1897, on filing the bond in the complaint set forth, and received letters of administration showing such appointment, reciting the fact that said James Franklin Smothers "is adjudged dead in law;" that such appointment was based solely upon said proceedings, and not upon any other ground or cause, and that the appellee was appointed as administrator *de bonis non* of the estate of Smothers upon showing of the death of Schaden, and that he had not accounted for the funds of said estate.

With their general verdict in favor of the appellee for $409.01, the jury returned special findings in answer to

interrogatories.    By their answers the jury specially found, amongst other facts, that Schaden, as commissioner, deposited in a bank named, in Ft. Wayne, the money received by him for the real estate, except a specified amount retained on fees to his credit as commissioner; that he, as such commissioner, sold the real estate and paid all the costs of the partition proceedings from the proceeds, and distributed all the surplus thereof except $409.01 during the summer and fall of 1897 to persons entitled to receive the same; that he did not check out of the bank, as such commissioner, prior to his appointment as administrator, for his own use individually, all but $12.65 of such funds; that, as such commissioner, he did not pay by checks from such fund, to persons who had no right to any of such funds, for his debts, family expenses, and other purposes, $332.20 of said $409.01; that it is not a fact that he, as such commissioner, never paid to himself as such administrator, after his appointment, such sum of $409.01, or any part of it, or set the same aside for the use of said estate; that in January, 1898, such commissioner paid such administrator, for the use of said estate, $409.01, from the proceeds of said real estate; that he gave the bond set out in the complaint, and was appointed administrator of the estate of James Franklin Smothers, December 20, 1897, by the Allen Circuit Court.

Assuming for the present the sufficiency of the complaint, we may here dispose of the second paragraph of answer, which is to the effect that Schaden never paid to himself, as administrator, the sum of $409.01, the proceeds of the sale of the real estate, or any sum; that before his appointment as administrator he converted to his own use all of that fund except $12.65, which he, as commissioner, after his appointment as administrator, checked out of bank to himself personally, and used for his own benefit.    This paragraph was addressed, as were all the others, to the entire complaint.    It was his duty as ad-

ministrator to account for all moneys of the estate which came to his possession while he was administrator. If his checking out to himself the sum of $12.65 after he became administrator should not be regarded as equivalent to a payment of that sum by him as commissioner to himself as administrator, as alleged in the complaint, of the whole proceeds of the sale, still the jury not only found by general verdict in favor of the appellee for $409.01, the amount of the entire proceeds of the sale, but also found specially that after the execution of the bond in suit, and Schaden's appointment as administrator, he, as commissioner, paid to himself as administrator for the use of the estate, $409.01 from the proceeds of the real estate. Thus the jury found that the second paragraph of answer in all its material averments was untrue, and therefore there could be no available error in the ruling on the demurrer to that paragraph.

It is urged by way of objection to the complaint that it contains no averment of the death of James Franklin Smothers, or of the time of his decease, if he died, and that it does not appear that he did not die seized of the real estate, and that therefore the complaint failed to show any assets received by Schaden for the conversion of which the appellants are liable on his bond as administrator.

In opposition to the ruling upon the demurrer to the third paragraph of answer, it is contended that the proceeding under which Schaden was appointed as administrator was void, for the reasons that the Allen Circuit Court could not acquire jurisdiction of the estate of a non-resident of Indiana under the statute relating to the estates of absentees (§2385 et seq. Burns 1901); that such proceeding did not constitute due process of law, within the meaning of the fourteenth amendment to the Constitution of the United States; that a judgment which appears on its face to have been rendered without notice is void and subject to collateral attack; that the notice of

such proceeding was not sufficient to give the court jurisdiction; also, that the act of the children of Smothers in procuring the appointment of the administrator, when they knew their father was a resident of Mississippi, was a fraud on the court, and rendered the appointment void; and further that no property of Smothers came to the hands of the administrator, because under the statute he must be presumed to have been dead in 1889, the year of his alleged disappearance, and his real estate must be regarded as having descended to his heirs in that year; that there could be no liability on the bond except as to personal estate of Smothers that came to the administrator; and that the sale of the real estate in the partition proceedings was a nullity.

The Allen Superior Court had jurisdiction of the proceeding for partition of the real estate situated in that county. Acts 1877, p. 43; *Hockemeyer* v. *Thompson*, 150 Ind. 176; §1201 Burns 1901. By the commissioner's sale and conveyance the title to the real estate passed to his grantee, and the proceeds of the sale in the hands of the commissioner constituted personal property of the late owners of the real estate. The validity of the proceeding to appoint an administrator of the estate of the absentee, under the statute, would not be affected by the fact that in truth he was still alive. It was not necessary, under the statute, to show that he was dead. It was only needed that the requirements of the statute be observed.

The statute gives jurisdiction of such a proceeding to the court having probate jurisdiction in the county where the absent person last resided, "or where such property is situated." It was not required that the absentee at any time should have been a resident of Allen county, Indiana. It was sufficient if he had been a resident of this State, and had left property which was situated in that county. It is not averred that he was not at any time a resident of this State, or that he never absented himself from his usual

place of residence in this State and went to parts unknown, leaving property which was situated in Allen county. By observing the requirements of the statute the court could acquire jurisdiction over the property in the county, and appoint an administrator to administer upon it.

The statute provides that the court shall have jurisdiction over the estate of the absentee in the same manner and to the same extent "as if dead," and shall appoint an administrator of his estate, who shall have all the powers and rights over the estate and be "subject to all the liabilities and duties in relation thereto that appertain to administrators of decedents' estates," and that the property of the departed person, real and personal, and all his rights, obligations, and choses in action shall be subject to the same liabilities, incidents, rights, management, and disposal, in all respects, as if the departed person were known to be deceased, and all adjudications and acts done by the administrator "shall be valid, effectual and binding on such person, should he return, as if they were his own acts;" the acts and doings of the administrator being in good faith and without fraud.  §§2385, 2390 Burns 1901.

When Schaden was appointed as administrator of such estate there was personal property in the county belonging to the absentee, who in the answer is alleged to be in fact still alive.  It was the duty of the administrator to take into his possession such personal property, and, having done so, he was subject to the liabilities and duties in relation thereto that would have appertained to him if he had held such property as administrator of a decedent's estate.

What counsel have said in argument in relation to fraud upon the court on the part of the children of the absentee does not seem to be applicable to facts alleged in the pleadings.

We will not take space to examine the matter of the notice by publication discussed by counsel.  We are of the opinion that the sureties on the bond of Schaden as admin-

istrator, in the action upon the bond to recover for the conversion of money received by him as administrator, are estopped to assert, against the recitals of the bond, that Smothers was not deceased, or that Schaden was not the administrator of his estate, or that his appointment as such administrator was invalid, or that he was not subject to all the liabilities and duties of an administrator of a decedent's estate, in relation to the personal property of Smothers which came to his possession as such administrator by reason of his appointment as such and the execution of the bond by him and the appellants.

The statute (§2394 Burns 1901) providing for the appointment of an administrator *de bonis non* requires that he shall be a person entitled to letters of administration, which are to be granted to him "under the same regulations as in case of the issuing of the original letters." It does not appear that in the appointment of the appellee there was any omission of any of the regulations for the issuing of letters to him which would have been proper in case of the original issuing of letters in such a case. By pleading in bar, and not in abatement, the appellants admitted the capacity of the appellee to sue in the character of administrator *de bonis non.*

The appellee has authority to collect personal assets of the absentee, whether he be in fact living or dead. The case seems much the same in principle as if the absentee himself had returned, and he having demanded unsuccessfully his unexpended assets from the original administrator, or the administrator having died after converting the assets to his own use, the rightful owner had brought suit upon his bond. The sureties ought not to be permitted to assail the validity of the appointment for the purpose of defeating recovery by the party entitled to the assets which were obtained by their principal in his capacity of administrator through their execution of the bond. See *Gray* v. *State, ex rel.,* 78 Ind. 68, 41 Am. Rep. 545, and cases

therein cited; *State, ex rel.,* v. *Mills,* 82 Ind. 126; *State, ex rel.,* v. *Parrish,* 1 Ind. App. 441, 447; *State, ex rel.,* v. *Golding,* 28 Ind. App. 233. Such a rule is reasonable and just, and conducive to the prevention of the despoiling of the estate, and aids in its preservation for those who may be entitled thereto.

Judgment affirmed.