WARAPIUS *v.* PRICE ET AL.

[No. 19,021. Filed June 2, 1958.]

*Allen & Allen,* of South Bend, for appellant.

*Olczak & Olczak,* of South Bend, for appellees.

ROYSE, J.—Appellant brought this action to set aside the adoption of her minor child decreed by the Marshall Circuit Court March 26, 1955. The first paragraph of her complaint charged fraud in the procurement of her consent to the adoption; the second alleged the lack of approval of appellant's consent by the Marshall County Department of Public Welfare, as required by statute, because she was a minor of nineteen years when she gave her consent. At the conclusion of the trial the court denied appellant's application to set aside the adoption. The error assigned here is the overruling of her motion for a new trial.

The record discloses the following facts: Appellant was born March 19, 1935. The child who is the subject of this action was born out of wedlock November 8, 1953. Appellant, in the latter part of December, 1954, signed a consent to the adoption of said child by appellees in the office of their attorney. Appellee Violet L. Price is the sister of appellant. On January 12, 1955 appellees filed a petition to adopt said child in the Marshall Circuit Court. On that date the court directed that a copy of said petition be sent to the State Department of Public Welfare and the Marshall County Department of Public Welfare. On March 4, 1955 the last-mentioned agency filed its report with the following recommendation:

"The Marshall County Department of Public Welfare recommends that the petition for the

adoption of Gregory John Hazel by Earl Price and La Verne Price husband and wife, not be granted because the paternity was established in St. Joseph County Probate Court on October 11, 1954, Cause #2044 and the alleged father was ordered to pay for the hospitalization and medical care given at the birth of the child and $5 a week for the support of the Gregory John Hazel. These payments have been made regularly to the St. Joseph County Clerk. The petitioners are able to provide a good home and good care for this child, but should be given the protection of the written consent of the father, since the paternity has been established."

On the 26th day of March, 1955 appellees filed the written consent of the father to said adoption. Thereafter the Welfare Board made no change in its recommendation. The Court thereupon granted the petition of said appellees to adopt said child.

Section 3-120, Burns' 1946 Replacement, provides, in part, as follows:

"If such child have parent or parents living, he, she or they shall consent in writing to such adoption. The minority of any parent shall not in or of itself be a bar to such consent: Provided, however, That if either parent be a minor, consent of such parent must be accompanied by the written approval of the investigating agency aforesaid if any there be and if none, of the state department of public welfare."

In the case of *In The Matter of the Adoption of Infant Chaney*, 128 Ind. App. 603, 150 N. E. 2d 754, this court, in construing the foregoing provision of the statute, said:

"Adoption proceedings in Indiana are purely statutory. *Johnson* v. *Smith* (1932), 203 Ind. 214, 176 N. E. 705. Accordingly our statutes governing adoption are in derogation of the common law and must be strictly construed as to all procedural requirements and strictly followed in all essential particulars. *Glans-*

*man* v. *Ledbetter* (1921), 190 Ind. 505, 130 N. E. 230; *In the Matter of Adoption of Force, etc.* (1956), 126 Ind. App. 156, 131 N. E. 2d 157; *Emmons* v. *Dinelli* (1956), 235 Ind. 249, 133 N. E. 2d 56. Procuring the approval of the agency to which the matter had been referred for investigation or, if none, of the State Department of Public Welfare to the parental consent here involved, was a procedural requirement which the appellants failed to follow and the judgment must therefore be affirmed."

It appearing from the record that the Marshall County Department of Public Welfare did not give its approval to the alleged consent of the minor parent, it was error to deny appellant's application to set aside the order of adoption.

The judgment is reversed, with instructions to sustain appellant's petition for a new trial.

NOTE.—Reported in 150 N. E. 2d 759.