CAPITAL INDEMNITY INSURANCE COMPANY *v.* STATE
EX REL. MARTIN ET AL.

[No. 19,588. Filed September 30, 1963.]

*Max Cohen,* of Gary, for appellant.

*Hilbert L. Bradley,* of Gary, for appellee.

RYAN, J.—The appellee Arnater Martin, as the plaintiff, sued the appellant Capital Indemnity Insurance Company, hereinafter referred to as Capital, on its bond. Trial was had by the court and judgment was

rendered in favor of the appellee Martin in the sum of One Thousand ($1,000.00) Dollars. Capital filed its motion for a new trial, containing the specifications that the decision of the court was contrary to law and was not sustained by sufficient evidence. The motion for a new trial was overruled, and Capital now assigns as error the overruling of the motion for a new trial.

To understand the argument which the appellant Capital now urges upon us, it is first necessary to disgress and explain other proceedings. It seems that the appellee Martin had filed her action against Robert Stansil in the Lake Juvenile Court under the "Children Born out of Wedlock" statute, which is §3-623 *et seq.*, Burns' 1946 Replacement, Acts of 1941, ch. 112 *et seq.* Capital posted its bond in that proceeding. The Lake Juvenile Court ordered the matter set for trial and ordered the clerk of the court to notify Capital to surrender Stansil in open court on or before such trial date. On the trial date Stansil did not appear, and pursuant to the statute involved in that action, which is §3-636, Burns' 1946 Replacement, and which provides:

> "If the defendant fails to appear in person for the hearing, the hearing may proceed, and the court may make a finding and enter an order the same as if the defendant were present. Any bond given by such defendant conditioned that he will appear for the hearing may be declared by the court to be forfeited and may be put in suit by any person in whose favor the court may adjudge any sum of money in the course of the proceedings."

the court proceeded with the hearing. Judgment there was entered in favor of Arnater Martin and Stansil was ordered to pay support for the child, hospital and medical expenses, and again under the foregoing statute the court declared the bond to be forfeited and that it might be put in suit.

The basis of appellant's argument attacking the judgment of the Porter Circuit Court, from which this appeal is prosecuted, rests on the theory that ██ Capital was not given the proper notice according to the terms of its bond by the Lake Juvenile Court. However, the judgment of the Lake Juvenile Court has never been attacked in any direct proceeding. Such court having jurisdiction of the subject matter and of the parties, its judgment is not open to a collateral attack unless it appears on the face of the record that the judgment is void. Under the circumstances of this case the Lake Juvenile Court's judgment is merely voidable and remains binding on all parties until set aside by a direct proceeding for that purpose. *Juday, Extr., etc.* v. *Lantz et al.* (1954), 124 Ind. App. 552, 117 N. E. 2d 382. See also 17 I. L. E. Judgments, §271 *et seq.*

The appellant in its argument also questions the amount of the judgment. However, the only specification assigned by appellant in its motion for a new ██ trial is the Sixth statutory cause for the granting of a new trial, which is that the verdict or decision is not sustained by sufficient evidence, or is contrary to law. §2-2401, Burns' 1946 Replacement. It is axiomatic and does not require the citation of authorities that this question cannot be raised under such Sixth statutory cause for the granting of a new trial.

The judgment is therefore affirmed.

Judgment affirmed.

Carson, P. J., and Clements and Cooper, JJ., concur.

NOTE.—Reported in 192 N. E. 2d 766.