EARL BRINDLE, FLOYD A. GAUSE, DALE HERENDEEN *v.*
GLEN ANGLIN AND ELMER S. ANGLIN.

[No. 3-1172A84. Filed May 15, 1973. Rehearing denied July 25, 1973.
Transfer denied October 24, 1973.]

*Douglas E. Miller, Barrett, Barrett & McNagny,* of Fort Wayne, *Robert C. Probst, Probst & Probst,* of Kendallville, for appellants.

*Kenneth A. King,* of Kendallville, for appellees.

SHARP, J.—This case has a long judicial history which commenced when the Appellant, Earl Brindle, filed a complaint in replevin in the DeKalb Circuit Court on December 21, 1961 naming Appellees, Glen Anglin and Elmer S. Anglin as defendants. In that case Anglins filed two paragraphs of

answer, the first in general denial and a second paragraph setting up the defense of settlement and compromise. The cause was submitted to the DeKalb Circuit Court which entered its findings and judgment on January 4, 1963. Said judgment was for the Appellant Brindle on his replevin complaint and a money judgment for Brindle of $325.00 damages for unlawful detention. A money judgment of $3750.00 was then entered for Anglins and against Brindle on the basis of allegations in said second paragraph of Anglins' answer. Brindle was given the alternative of paying the $3750.00 or to deliver to Anglin certain farm machinery within ninety days. The replevin bond filed was continued until that part of the judgment in favor of Anglin was effected.

Motion was duly made to modify the judgment entered on January 4, 1963. Thereafter on March 15, 1963 an entry was made in the DeKalb Circuit Court modifying the above judgment as follows:

"The motion of the plaintiff to strike the findings of the Court is now sustained in part, in that the words, 'recover from the plaintiff the sum of $3,750.00 or in the alternative, Glen Anglin, is entitled to', in Paragraph 2 of the findings of the Court be deleted; that the words, 'that the plaintiff shall have the option to either pay said sum of $3,750.00 to the defendant Glen Anglin or to deliver said above described items of new farm machinery and equipment to said defendant Glen Anglin, said option to be exercised and performed by the plaintiff within 90 days from the date of this finding and judgment', in Paragraph 2 of the findings shall be deleted in its entirety; that all remaining portions of plaintiff's motion to strike the findings of the Court are over-ruled, to which ruling of the Court the plaintiff objects and excepts.

The motion of the plaintiff to modify the judgment herein is submitted to the Court for hearing and the Court now sustains said motion in the following particulars, to-wit: in that the words 'in the sum of $3,750.00, or receive', be deleted from Paragraph 2 of said judgment and that the words, 'and said defendant shall receive', shall be inserted in Paragraph 2 of said judgment in the place of the words above stricken; that the words, 'that the plaintiff shall have the option to either pay said judgment of $3,750.00 to said

defendant Glen Anglin or to deliver said above described items of new farm machinery and equipment to said defendant Glen Anglin, which option shall be exercised and performed within 90 days from the date of this judgment', shall be deleted from Paragraph 2 of said judgment; and that Paragraph 3 of said judgment be deleted in its entirety; and that all remaining portions of plaintiff's motion to modify the judgment are now by the Court overruled, to which ruling of the Court the plaintiff objects and excepts."

Appeal bond was fixed at $3750.00 and Brindle filed appeal bond with Floyd A. Gause and Dale Herendeen as sureties, which bond was approved.

An attempt was made by Brindle to appeal the judgment of March 15, 1963 to the Appellate Court of Indiana. On November 24, 1964 that court rendered an opinion designated as *Brindle* v. *Anglin,* 202 N.E.2d 279 (1964). On transfer our Supreme Court, in a per curiam opinion, stated at 246 Ind. 601, 208 N.E.2d 476:

"The opinion of the Appellate Court fails to consider a primary issue in the case, presented by appellees' motion to dismiss. Therefore, transfer of the case is granted, under Rule 2-23(4) (a) of this court.

The motion to dismiss is predictated upon the fact that the Chief Justice of the Appellate Court granted a second extension of time in which to file transcript and assignment of errors, such second petition having been filed 13 days after the expiration of the time previously granted by the Appellate Court on the first petition for extension of time.

The motion to dismiss was denied pending briefing of the case on the merits.

However, as above noted, the Appellate Court in its opinion failed to consider this substantial issue, and considered the case solely upon the merits, by which procedure it contravened the ruling precedent of this court to the effect that the timely filing of a transcript and assignment of errors is jurisdictional.

In this case the only excuse given for the failure to timely file a second petition for extension of time was the fact that one of the members of the firm prosecuting the appeal was in the hospital. However, from the record it appears that the other member of the firm, Robert C. Probst,

took an active part in the trial of the cause and, in the Appellant Court by his verified statement, procured the first extension of time within which to file transcript and assignment of errors.

We therefore accept transfer and order the cause dismissed for failure to comply with Rule 2-2 of this court.

Transfer accepted. Appeal dismissed."

The net effect of this action was to render the previous purported opinion of the Appellate Court of November 24, 1964 as a nullity. The question we must decide here is the validity and effect on the March 15, 1963 judgment entered in the DeKalb Circuit Court.

In January 1969, pursuant to an execution issued, Anglin paid Brindle the sum of $325.00 and interest as full satisfaction of that part of the March 15, 1963 judgment. Thus there is no issue that such judgment was at least partially valid.

This present case was commenced when Anglins filed on April 12, 1967 a complaint on appeal bond designating Brindle, Gause and Herendeen as defendants therein. The critical language of the appeal bond is:

"The condition of the above obligation is that whereas heretofore on the 4th day of January, 1963, the said Glen Anglin recovered a judgment against the said Earl Brindle in the DeKalb Circuit Court for the sum of and recovery of certain personal property therein described, plus one-half the costs of the suit, from which judgment the said Earl Brindle is appealing to the Appellate Court of Indiana.

Now, if said Earl Brindle shall duly prosecute said appeal and abide by and pay the judgment appealed from said costs in the event such judgment be affirmed against him, or in the event such appeal be not prosecuted, or if such appeal be dismissed, then the above obligation shall be null and void; otherwise to be and remain in full force and virtue in law."

After numerous pleadings and proceedings the Noble Circuit Court, to which this case was venued, on November 2, 1971, the trial court entered summary judgment in favor of Anglins and against Brindle, Gause and Herendeen for $3750.00 on said

appeal bond. The appeal of that summary judgment has been duly perfected here.

In oral argument here counsel for all parties suggest that there was no dispute as to the facts and this appeal concerned only a question of law. This concurrence of counsel is reflected in well established case law to the effect that the operation and effect of a judgment are purely matters of law. *Sullivan State Bank* v. *First National Bank* (1925), 82 Ind. App. 419, 146 N.E. 403. The trial court had before it a transcript of the proceedings in the DeKalb Circuit Court as well as the proceedings in the Appellate Court and Supreme Court in 1964 and 1965.

Here we must determine the nature and effect of the judgment entered in the DeKalb Circuit Court on March 15, 1963. Unless it is void on its face it stands as a final judgment, from which no appeal was taken. We base this conclusion on the dismissal of the appeal by our Supreme Court. See 208 N.E.2d 476. If the judgment of March 15, 1963 was not void on its face, it is elementary that this proceeding cannot be used as a vehicle to belately appeal from it. In such case this proceeding would be considered a collateral attack on a judgment that is at most only voidable.

There is no question that the DeKalb Circuit Court has jurisdiction over the subject matter and the parties to this action on March 15, 1963. It also had jurisdiction over the particular controversy. There is also no question that the rights of the sureties on the appeal bond are dependent on a determination of the legal question presented in this appeal. The validity and obligation under the appeal bond turns on whether underlying judgment is void. In *State ex rel. Stone* v. *U.S. Fidelity and Guaranty Co.* (1948), 119 Ind. App. 63, 72, 78 N.E.2d 881, Judge Draper said:

". . . a bond exacted in a judicial proceeding by a court having no jurisdiction of the action is not only void, but no recovery can be had thereon." Citing *Caffrey* v. *Dudgeon* (1872), 38 Ind. 512.

If a judgment is void *on its face* it may be attacked in a collateral proceeding as well as directly. *Michigan Mutual Liability Co.* v. *Perez* (1965), 137 Ind. App. 247, 207 N.E.2d 368. The Appellants here must conclusively demonstrate that such judgment of March 15, 1963 is *void on its face.*

The Appellants rely on five Indiana cases to justify this as an attack on a judgment void on its face. They are *Stone* v. *U.S.F. & G., supra, Caffrey* v. *Dudgeon, supra, Michigan Mutual Liability Co.* v. *Perez, supra, Aramovich* v. *Doles* (1964), 244 Ind. 658, 195 N.E.2d 481, and *Furness* v. *Brummitt* (1911), 48 Ind. App. 442, 95 N.E. 1114.

*Caffrey* involved a judgment which exceeded the statutory monetary jurisdiction of a Justice of the Peace and such judgment was held void. This does not come to grips with the problem here since the DeKalb Circuit Court was a court of general jurisdiction including this case, the parties and subject matter.

In *Stone* v. *U.S.F. & G.,* 119 Ind. App. at p. 74 Judge Draper said:

"We have said that a bond exacted in a judicial proceeding by a court having no jurisdiction of the action is both void and unenforcible, but this is not a case where the court had no jurisdiction of the action. Neither is it a case where the court undertook to make an appointment wholly outside the law. The Superior Court of Marion County is a court of general jurisdiction having full authority to appoint a receiver in a proper case. The receivership matter was in no sense the foundation of the jurisdiction. It was ancillary to the main action. Montgomery's appointment, as we have pointed out, was invalid, but it is not contended that the court did not have jurisdiction of the action and the right to appoint a receiver in a proper case. We are, therefore, confronted with the question of liability on a bond given pursuant to a void appointment by a court having jurisdiction of the action.

We think it is the rule that where a court has jurisdiction of a cause and the right to appoint an officer such as a guardian, administrator or receiver, the surety upon the bond required by statute and furnished by the appointee

will, in the absence of fraud, duress, or perhaps other circumstances not present in this case, be estopped to deny the recitals of the bond, and will not be permitted to defend on the ground of invalidity or illegality in the appointment. It would unduly extend this opinion to here state the reasons for the rule or to review the many cases announcing it. The rule as stated is amply supported by the following: Gray et al. v. State ex rel. Mills (1881), 78 Ind. 68; State ex rel. Metsker, Guardian v. Mills et al (1882), 82 Ind. 126; David v. Bickel (1900), 25 Ind. App. 378, 58 N.E. 207; State ex rel. Haines et al. v. Parrish et al. (1891), 1 Ind. App. 441, 27 N.E. 652; State ex rel. Remo v. Golding (1902), 28 Ind. App. 233, 62 N.E. 502; Lucas v. Shepherd (1861), 16 Ind. 368; Romy v. State ex rel. Brannan, Admr. (1904), 32 Ind. App. 146, 67 N.E. 998."

Neither the reasoning nor the result in *Stone* solve the Appellants' problem here. In fact, *Stone* represents authority for the Appellees here.

In *Michigan Mutual Liability Co.* v. *Perez* a judgment was entered after a motion for change of venue was filed. The Appellate Court held that such judgment was void and subject to collateral attack. In essence the court held that the filing of the motion for change of venue deprived the trial court of jurisdiction to enter such judgment and therefore such judgment was void. Again, this is no real help to these Appellants since no action was taken before March 15, 1963 to deprive the DeKalb Circuit Court of its jurisdiction to enter such judgment.

*Aramovich* v. *Doles* contains an excellent and comprehensive discussion of the concepts here applicable. An attempt was made in the early 1960's to collaterally attack an adoption judgment entered in 1929. The assertion was made that such judgment of 1929 was void because it failed to show the required consent of the natural father. At 244 Ind. 667 Judge Arterburn stated:

"In *Earle* v. *Earle* (1884), 91 Ind. 27 it is said that some confusion exists in the the use of the words 'void' and 'voidable' as applied to judgments. Judgments are frequently spoken of as void because they may be declared invalid in a proper proceeding. However, such a proceeding

must be a direct attack unless the judgment is a nullity which is revealed on the face of the record.

More recently, in *Clark* v. *Clark* (1930), 202 Ind. 104, 172 N.E. 124, a wife brought an action to subject the property of a husband located in the county where the action was brought, to the payment of support. It is stated in that case that the judgment rendered was not in personam but rather in rem, and since the court which rendered the judgment was one of general jurisdiction, as distinguished from one of limited jurisdiction, there was a conclusive presumption that the trial court had acquired jurisdiction. The opinion further states:

'Where a party to a judgment seeks to impeach its validity and have it declared void, in a subsequent action, by the allegation of facts dehors the record, and not apparent on the face of the judgment, such an attack is a collateral one, and cannot be made by a party to the record.' *Clark* v. *Clark, supra,* at 114.

The cases of *Lee* and *Wife* v. *Back* (1868), 30 Ind. 148 and *Glansman* v. *Ledbetter* (1921), 190 Ind. 505, 130 N.E. 230, care cited by the appellant as authority for her position that the judgment of adoption is totally void and a nullity, that evidence may be considered showing no notice was given to the natural parents of the adoption proceedings, and thus no consent is obtained where the statute so provides. An examination of these two cases shows that both were actions for a writ of habeas corpus to obtain the custody of the children in question, and involved therein were judgments of adoption. The court in habeas corpus proceedings, after the issues were made upon the question of the defectiveness of the judgment by reason of the lack of consent or notice to the natural parents, heard evidence upon such issue. Although in a habeas corpus proceeding the general rules seems to be well settled that a judgment pleaded in the return may not be attacked directly by evidence dehors the record, nevertheless in the habeas corpus proceedings mentioned, the court did permit this to be done. In *Glansman* v. *Ledbetter, supra,* the recognition of this deviation is treated with the following language:

'. . . Ordinarily such a judgment is impervious to a collateral attack, and therefore not a subject for investigation in a habeas corpus proceeding. Black, Judgments (2d Ed.) § 256. But as we construe the reply, it brought before the court rendering the judgment of adoption, and to which the situation of the parties had not changed, facts in opposition to its enforcement, amply sufficient

upon the theory of fraud in its procurement to constitute a direct attack thereto.'

* * *

We finally call attention to the case of *Hunter* v. *Bradshaw* (1935), 209 Ind. 71, 198 N.E. 73, wherein an action was brought to quiet title to real estate by the brothers and sisters (heirs) of a deceased Minnie A. Smedley, who was the adoptive parent of the defendant, Rosa May Bradshaw. She was adopted at the age of four by the Smedleys, and it was alleged that Minnie A. Smedley, being of unsound mind at the time of the adoption, was unable to consent to such adoption proceedings. It was further contended that it did not appear of record whether or not the defendant (the adoptive child) had a father living and whether or not he consented to such adoption. Judge Fansler, speaking for the court, stated: (pp. 73, 74).

'The petition for the adoption and the judgment are set out in the complaint. It does not appear from the pleadings or judgment whether the child had a father living, nor whether service was had upon the father, and it is contended that this is sufficient to render the judgment of adoption void. But this is an action in equity. The adoption proceedings were brought by the sister of appellants and her husband, and they were responsible for the allegations in the petition. The petition was sufficient to give the circuit court jurisdiction of the child and of the petitioners, and to pass on the sufficiency of the petition, as well as the constitutionality of the statute. The petitioners could not have been injured by a failure of notice to a parent. That notice is for the sole purpose of advising the natural parent so that his rights may be protected. In equity, one upon whose petition an order of adoption is entered, fixing the status of a child and establishing it as his heir, at his request, cannot be heard after years have passed to question the validity of the judgment because his petition was defective in some technical respect.'

* * *

It appears to us under the authorities cited that the judgment of adoption in this case was not void on its face and it may not be impeached by evidence dehors the record or by a failure of the record to state all facts necessary to show jurisdiction. There is a presumption of jurisdiction in such cases unless the lack of jurisdiction appears affirmatively on the face of the record."

Likewise the reasoning and result in *Aramovich* v. *Doles* does not lend support to the conclusion that the judgment

here entered on March 15, 1963 was void on its face and in fact this authority lends support to a contrary conclusion. In *Aramovich* a judgment of adoption was held not to be void on its face even absent a showing of the consent of the natural father. Had the attack on said adoption judgment been a direct one there is little doubt that it would have been successful. See *Emmons* v. *Dinelli* (1956), 235 Ind. 249, 133 N.E.2d 56; *Rhodes* v. *Shirley* (1955), 234 Ind. 587, 129 N.E.2d 60; *Warapius* v. *Price* (1958), 128 Ind. App. 529, 150 N.E.2d 759. Notwithstanding the strict adherence to the consent requirement by the courts where there is a direct attack on an adoption judgment our Supreme Court did not consider the absence of a showing of such consent to render an adoption judgment void on its face in *Aramovich*. In this case, Appellants claim the March 15, 1963 judgment is void on its face because a part of that judgment is based on the second affirmative paragraph of answer which made no specific request for relief.[1]

There is no contention that the issue upon which said judgment was entered was not raised by the pleadings and proof. The sole contention is the absence of a formalistic prayer for relief in the second affirmative paragraph of answer. Since this case arose under the rules of procedure in effect before January 1, 1970 we will confine ourselves to pre-1970 authorities.

---

*Footnote 1.* The entire contents of said second paragraph of answer is as follows:

"1. That heretofore on the 20th day of October, 1962, and subsequent to the filing of plaintiff's complaint, the parties hereto entered into and executed a written contract, by the terms of which the cause of action urged and contemplated by plaintiff's complaint herein was fully settled, compromised and adjusted; that a copy of such contract is attached hereto, made a part hereof by specific reference and labeled defendants' 'Exhibit A.'

2. That the plaintiff has performed in part his obligations to defendants under the terms of said contract and defendants have tendered to plaintiff performance of their obligations under the terms of said contract and stand ready, willing and able to perform their obligations to plaintiff under the terms of said contract.

WHEREFORE, defendants pray the Court that plaintiff take nothing by his complaint, and that they be accorded all other relief appropriate in the premises."

Generally, an affirmative judgment for a defendant is proper where justified by the pleadings and proof. *McCormick* v. *Webster* (1883), 89 Ind. 105. In a judgment for ██ replevin, awarding damages to defendant for detention of property by plaintiff to which property was delivered under bond, although such damages were *not prayed for* was held to be proper. *Yellow Mfg. Acceptance Corp.* v. *Linsky* (1935), 99 Ind. App. 691, 192 N.E. 715. A defendant's right to recover damages may be settled in the same action in which plaintiff asserts a right to damages when both claims involve a determination of the same questions of fact and the same evidence, *regardless of whether or not a cross action is involved. Opple* v. *Ray* (1935), 208 Ind. 450, 195 N.E. 81.

Even during the pre-1970 period of our judicial history there was a discernible trend for our courts to decide questions on the basis of substantial issues raised by pleadings and proof and not on formal technicalities which had no real relevance to substance. One clear manifestation of that trend is found in *Morrison's Southern Plaza Corp.* v. *Southern Plaza, Inc.* (1969), 252 Ind. 109, 246 N.E.2d 191.

From these authorities we conclude that the judgment entered on March 15, 1963 is not void on its face and if the Appellants' action here is to survive it must do so ██ as a collateral attack on a voidable judgment. We must also keep in mind that the proceedings in the Appellate Court and the Supreme Court in 1964 and 1965 were an attempt to directly attack said judgment. As the authorities cited illustrate there is a wide range of situations where a judgment will not survive a direct attack but will survive a collateral one. This is clearly such a case.

In *Furness* v. *Brummitt* a board of county commissioners entered a purported order for the establishment of a ditch during a time when such board was not legally in session. The trial court held that such order was void and the Appellate Court affirmed. In reaching that result the Appellate Court at 48 Ind. App. p. 447 said:

"The board did not lose jurisdiction because the members thereof assumed to act when not in session, for it might lawfully begin over at the point where the proceedings ceased to be legal. From this it follows that after the board, on August 5, 1907, made the second order establishing the ditch, appellant's remedy for relief from such order, if irregular or erroneous, was by appeal, and not by an independent suit to enjoin.

Here again we are concerned with the *total lack* of jurisdiction to make the particular order at the particular time.

In *Krick* v. *Farmers and Merchants Bank of Boswell* (1972), 151 Ind. App. 7, 279 N.E.2d 254, 260, Judge Buchanan, speaking for District Two of this Court, said:

". . . William apparently considers such a judgment to be void rather than voidable. While it may be erroneous, it is only void if the court which rendered it lacked jurisdiction of the subject matter or of the parties. *City of Huntington* v. *Northern Indiana Power Co.* (1937), 211 Ind. 502, 5 N.E.2d 889. Failure to follow statutory requirements of procedures when the court has jurisdiction of the subject matter and the parties is not void, but only voidable. *Smith* v. *Hess* (1884), 91 Ind. 424. In order to take advantage of a voidable judgment, the party adversely affected must timely file an appeal. The February 5, 1964 Entry was erroneous and voidable, and William's remedy was to perfect an appeal from that judgment."

The judicial attitude toward these rules was succinctly stated by Judge Lewis speaking for our Supreme Court in *Hamilton* v. *Ahlemeyer et al.* (1968), 250 Ind. 403, 406, 231 N.E.2d 278, said:

"Appellant cannot be heard to collaterally attack the judgment in the preceding cause in the Owen Circuit Court in view of the fact that appellant has not brought himself within the very strict rules laid down by equity in order to collaterally attack a judgment.

It occurs to us that the jurisdiction for the original subject matter of the cause of action was properly in the Circuit Court of Owen County and that proper jurisdiction of the parties was obtained; and certainly we cannot conclude that the judgment is void on its face, and, therefore, cannot be attacked collaterally.

In *Winstead, etc.* v. *Koonce* (1961), 241 Ind. 440, 172 N.E.2d 859, this Court said:

'A judgment regular on its face and one which the court had jurisdiction to render is not subject to collateral attack. *Quarl* v. *Abbett* (1885), 102 Ind. 233, 241, 1 N.E. 476, 52 Am. Rep. 662, *Sassady, et al.* v. *Miller, et al.* (1886), 106 Ind. 69, 71, 5 N.E. 713; *Hall et al.* v. *Durham* (1887), 109 Ind. 434, 435, 9 N.E. 926; *Glansman* v. *Ledbetter* (1921), 190 Ind. 505, 518, 130 N.E. 230; . . .' " See also, *Gill* v. *Wilke* (1970), 253 Ind. 576, 255 N.E.2d 662; *Winstead* v. *Koonce* (1961), 241 Ind. 440, 172 N.E.2d 859; and *Capital Indem. Ins. Co.* v. *State ex rel. Martin* (1963), 135 Ind. App. 160, 192 N.E.2d 766.

The rule is clear and of long standing that a judgment must be absolutely void on its face in order to be subject to a collateral attack. This rule has been applied to hold that a judgment of a court of general jurisdiction is not subject to collateral attack unless absolutely void. *Colvin* v. *State* (1890), 127 Ind. 403, 26 N.E. 888.

The above rules have even been extended to uphold the validity of a judgment even though based on a statute later held unconstitutional. In reaching that result our Supreme Court in *Board of Commissioners of Adams County* v. *State ex rel. Gibson* (1949), 226 Ind. 633, 82 N.E.2d 891, said:

"The fact that the statute upon which the trial court based its first finding and judgment was afterward declared unconstitutional in a different action between other and different parties could in no way affect the force or conclusiveness of the judgment in that first case.

\* \* \*

We cannot agree with the appellees on their claim of loss of jurisdiction. The appellees invoked the jurisdiction of the court, there was jurisdiction of the parties of the subject-matter and of the particular class of action. The court may have been in error, but that error could have been corrected on appeal. The appellees in this case cannot be permitted to again litigate the same matter that was once tried and concluded by a judgment which has never been questioned by an appeal, and which stands as a final entry governing the rights of the parties in the Fennig Drain proceeding."

A judgment from a court of general jurisdiction may not generally be attacked collaterally because of defects in the pleadings. *Boswer* v. *Tobin* (1939), 215 Ind. 99, 18 N.E.2d 773; *Maynard* v. *Waidlich* (1901), 156 Ind. 562, 60 N.E. 348; and *Browning* v. *Smith* (1894), 139 Ind. 280, 37 N.E. 540. Generally, where a court has jurisdiction over the parties and subject matter a judgment is not subject to collateral attack for irregularities in procedure. *Kleyla* v. *Haskett* (1887), 112 Ind. 515, 14 N.E. 387.

Based on the foregoing, we find and hold that the judgment entered March 15, 1963 was at most voidable and not void on its face. It might have been successfully challenged in a direct attack by a direct appeal. Since no such direct appeal was properly perfected this proceeding is an attempted collateral attack. It stands as a final judgment until successfully attacked collaterally in a proper proceeding. We find as a matter of law that none of the basis on which the Appellants purport to attack said judgment may properly be the basis of any such collateral attack.

The record discloses that Appellees' motion for summary judgment raised a purely legal question which the trial court decided correctly. The decision should be and hereby is affirmed.

Hoffman, C.J. and Staton, J., concur.

NOTE.—Reported at 295 N.E.2d 860.