## Lind *v.* Douglass.

[No. 12,324.    Filed July 1, 1925.]

1. APPEAL.—*Rule as to rulings on pleadings constituting harmless error when there is a special finding of facts applicable to agreed statement of facts.*—The rule that where there is a special finding of facts and the facts are fully and correctly found, any ruling as to the sufficiency of the pleadings, though erroneous, is harmless and therefore not reversible error, is

applicable where the parties have entered into an agreed statement of the facts. p. 382.

2. APPEAL.—*Questions to which no proposition is addressed in appellant's brief are waived.*—All questions are waived on appeal excepting those to which the appellant has addressed a "proposition" in his brief. p. 383.

3. CHAMPERTY AND MAINTENANCE.—*Champerty defined and effects of stated.*—On grounds of public policy, a person is not permitted to "sell a lawsuit," and any contract by which a party attempts so to do is void, and when such fact is brought to the attention of the court, it will refuse to enforce the contract. p. 383.

4. CHAMPERTY AND MAINTENANCE.—*Sale of interest in land by tenant in common to her attorney in partition suit held not champertous.*—Where tenants by entireties were divorced and thereby became tenants in common, a deed by the former wife to her attorney after he has commenced a suit to partition the land of which she is a cotenant is not champertous and, therefore, void, there being no dispute as to her title as tenant in common. p. 383.

From Parke Circuit Court; *Ray Baker*, Judge.

Action by Elizabeth Lind against Charles A. Lind, Perry Douglass being substituted as plaintiff. From a judgment for plaintiff, the defendant appeals. *Affirmed.* By the court in banc.

*Joseph W. Amis* and *Edward L. Swadener*, for appellant.

*Perry Douglass*, for appellee.

ENLOE, J.—This was an action for the partition of real estate. The cause was tried upon an agreed statement, in writing, as to the material facts. From a finding and decree adjudging that the parties hereto were the owners of the land sought to be petitioned in equal shares, as tenants in common, this appeal is prosecuted. The errors assigned challenge the rulings of the trial court in sustaining certain demurrers, and in overruling the motion for a new trial.

It has been many times held that where there is a special finding of facts by the court and the facts are fully

and correctly found, any antecedent ruling as to
1. the sufficiency of the pleadings, even though erroneous, is harmless and, therefore, not reversible.
*Woodward* v. *Mitchell* (1895), 140 Ind. 406, 39 N. E.
437; *Smith, Trustee,* v. *Wells Mfg. Co.* (1897), 148 Ind.
333, 46 N. E. 1000. As the parties hereto have stipulated in writing as to the material facts involved in this
case, the above rule applies, and we are not, therefore,
now concerned with the sufficiency of the pleadings
herein; the question is carried forward to the *decision*
of the court upon such facts.

The facts of this case, as stipulated by the parties,
are, in substance, as follows: That on and prior to
February 10, 1923, the appellant and his then wife,
Elizabeth Lind, were the owners as tenants by entireties
of the land in this action sought to be partitioned; that,
on said date, the appellant herein was granted a divorce
from his wife and that, by reason thereof, said parties
then became tenants in common of said real estate; that,
on the same day said divorce was granted, said Elizabeth Lind brought this action asking for the partition
of said real estate; that Perry Douglass, the appellee
herein, was the attorney for Elizabeth Lind and as such
brought said suit for partition; that on February 13,
1923, said Elizabeth Lind executed her warranty deed
to her undivided one-half interest in said real estate to
said Perry Douglass as grantee, and that said deed was
duly recorded; that thereafter, on his petition in that
behalf, the appellee was substituted as party plaintiff
herein instead of said Elizabeth Lind; that on March
17, 1923, said Elizabeth Lind executed her quit-claim
deed to the appellant herein, to her undivided interest
in and to said lands; that "the defendant herein is in
possession of said real estate and is excluding Perry
Douglass therefrom"; that said real estate is not susceptible of division without great loss in the value

thereof, and if partition is ordered, the same should be sold and the money divided.

It is the claim of the appellant that the deed from Elizabeth Lind to Perry Douglass is void as being champertous, and that, therefore, said Perry Douglass has no interest in said real estate and cannot, therefore, maintain this action; that by virtue of the said quit-claim deed to appellant, he is the sole owner of the lands in question, and that, therefore, the court was in error in finding that the appellee was a part owner of said lands and entitled to partition thereof. This is the only question we need to consider, as all other questions are waived by the appellant by his failure in his brief to address any "proposition" thereto. The appellant relies upon the case of *West* v. *Raymond* (1863), 21 Ind. 305, and *Scobey* v. *Ross* (1859), 13 Ind. 117, as being controlling in this case, and as entitling him to a reversal hereof. It has long been the law that, on grounds of public policy, a person is not permitted to "sell a lawsuit," and that any contract by which a party attempts so to do is void, and that when such fact is brought to the attention of the court, it will refuse its aid in the matter of the enforcing of such contract. But, a careful reading of the cases cited and relied upon by appellant shows that they are not in point, and therefore not controlling in this case. In the West case, *supra,* one Shepherd had brought the suit, in ejectment, to recover certain lands, *the title to which was in controversy*; in that case, the ownership, or rather the right of ownership, was the matter in litigation, and Shepherd *sold his claim of ownership to West, sold his lawsuit to West,* and this contract the court held to be void. In the case at bar, the title was not in dispute; Elizabeth Lind was the acknowledged owner, as tenant in common, of the undivided one-half of said lands, and, under our statute, she

had a legal right to demand partition thereof, or, in case they were not susceptible of division, that they be sold and the proceeds divided, and her interest therein thereby put in the form of money. About these things, in this case, there was and could be no contention, and, therefore, when she executed her said deed to the appellee, she was simply selling her portion of said lands, and was not, within the rule concerning champertous contracts, "selling a lawsuit." A "layman" is no more privileged to "buy a lawsuit" than is a lawyer; the law frowns upon the contract, not simply upon the purchaser only, and a contract which is champertous and, therefore, void will not be enforced no matter who the purchaser may be. Appellant tacitly admits that if said Elizabeth Lind had sold to a stranger, he might have asked to be substituted as plaintiff herein, and insists that the infirmity in this case lies in the fact that the purchaser of her said interest was, in this case, her attorney in the matter. If she had a right to make the sale, we know of no rule of law that would exclude the attorney of the party from making a contract with his client and thus becoming the purchaser. There might, in such a case arise, as between the said attorney and his client, some question as to whether the attorney had acted fairly with his client in the said transaction and the voidability of the transaction be thus, as between the parties, brought in question, but this would be a matter of no concern to third persons.

Upon the facts as agreed upon, the court did not err in the matter complained of.

Affirmed.