GIVAN *v.* PATRICK.

[No. 14,585. Filed March 11, 1933.]

*Clinton H. Givan,* for appellant.

*Bachelder & Bachelder,* for appellee.

CURTIS, C. J.—This was an action by the appellee against George N. Montgomery for an accounting, for the possession of certain assets and for a money judgment. It was alleged that the appellee was the receiver duly appointed for a certain fund, and that Montgomery had obtained possession of the assets comprising the fund without right and had refused, upon demand, to pay any part over to the appellee. After the action had been commenced and before trial, Montgomery died and the appellant, as the administrator of his estate, was made a party defendant by a supplemental complaint.

The complaint alleged in substance that on and prior to the thirteenth day of April, 1926, a large number of individuals, partnerships, and corporations, had exchanged with each other reciprocal or inter-insurance contracts providing indemnity among themselves from any loss which might be insured within the classes of insurance known as automobile insurance. That each of said parties so exchanging contracts of indemnity or inter-insurance, executed a certain written agreement which specified the nature and limitations upon the exchange of indemnity. The agreement above mentioned is set out in the complaint. It is lengthy and we need mention its salient parts only. It named the Underwriter's Exchange, Indianapolis, Indiana, a corporation as the attorney-in-fact for the several subscribers of said reciprocal or inter-insurance associations and

selected its office as the place for the exchange of indemnity, which place was called "National Automobile Insurance Association," the said attorney-in-fact being given its powers and duties in said written agreement, which likewise set forth the method of transacting the business to be transacted by and between the parties, and with other persons. It is further alleged in the complaint that on the 13th day of April, 1926, one Thomas E. Clifford filed an action in the Superior Court of Marion County, in which action he named as the defendants, National Automobile Insurance Association, Underwriters Exchange, and Thomas S. McMurray, Jr., Insurance Commissioner of the State of Indiana. That said cause of action was No. A 35457. That upon request of the plaintiff in said cause of action, the judge of said court did, on the fifth day of June, 1926, make an order purporting to appoint one George H. Wick, as receiver for the National Automobile Insurance Association. That shortly thereafter, the Judge made an order to vacate the appointment of said George H. Wick as such receiver and purported to appoint as receiver for said National Automobile Insurance Association in the place and stead of George H. Wick the defendant herein, George N. Montgomery. That said George H. Wick, while purporting to act as such receiver, had taken into his possession funds and assets belonging to the subscribers at the National Automobile Insurance Association as follows:

| | |
|---|---:|
| Cash in Bank | $ 78.05 |
| Current accounts received | 633.97 |
| 1-$10,000 Liberty Bond sold | 10,092.69 |
| 15-$1,000 Liberty Bonds | 15,000.00 |
| Checks not cashed | 120.06 |
| Total | $25,924.77 |

That when the said George H. Wick was removed as said purported receiver and the said defendant, George

N. Montgomery, was purported to be appointed in his stead as such receiver, the said George N. Montgomery, purporting to act as such receiver, received from the said George H. Wick funds and assets which were then the property of the subscribers at the National Automobile Insurance Association, which funds and assets are as follows, to-wit:

| | |
|---|---|
| 15-$1,000.00 Liberty Bonds | $15,000.00 |
| Cash | 4,415.99 |
| Certificate of Deposit | |
| Indiana Trust Company | 5,000.00 |
| Checks not cashed | 120.06 |
| Total | $24,536.05 |

The complaint further alleged that said Montgomery filed a petition in said court asking for authority to make and collect an assessment against said subscribers which said petition was granted and that, acting thereon, Montgomery collected a large sum of money from said subscribers, the exact amount of which being unknown to the plaintiff. The complaint then alleged the appointment of the appellee as the receiver of the funds and assets of the said subscribers at the National Automobile Insurance Association by the Judge of the Vanderburgh Superior Court and that pursuant to said appointment he qualified and is now the duly appointed, qualified and acting receiver of said funds and assets. It is also alleged that the purported appointment of the said Montgomery as such receiver was null and void and that no assets were ever at any time owned or possessed or held by the said National Automobile Insurance Association but that said assets and funds were always the property of said subscribers and that custody of the same was wrongfully taken by said Montgomery. The complaint also contained the allegation that the appellee filed a petition in the Vanderburgh Superior Court setting up the facts above enumerated and asking for instructions and

that said court ordered the filing of the complaint herein.

The cause was tried upon the complaint and said supplemental complaint and the two paragraphs of answer filed thereto, one of which was a general denial. The other paragraph of answer, omitting formal parts, is as follows:

"Comes now Clinton H. Givan, as administrator of the estate of George N. Montgomery, and says that George N. Montgomery was discharged as receiver of the National Automobile Insurance Association; that his final report was approved by the Court from which an appeal was taken, and that the approval of said final report was approved by the Appellate Court of the State of Indiana, and that same has not been transferred to the Supreme Court; that said Administrator has no funds and has never received any funds belonging to said George N. Montgomery, and that he left no assets in the estate."

The appellant tendered for filing verified third and fourth paragraphs of answers. The court refused to allow the same to be filed which action of the court was duly excepted to by the appellant. There were various other rulings of the court as to the pleadings but no alleged error is presented as to any such ruling. These rulings included the sustaining of a motion filed by the appellee to strike out a plea in abatement filed by the appellant challenging the capacity of the appellee "to sue as receiver of anybody or anything or any fund." The ground of the motion was that, the appellant having first filed an answer in bar, the right to file matter in abatement was lost. The correctness of this ruling is not challenged.

Upon the issues tendered to the court there was a general finding for the appellee against the appellant in the sum of thirty-five thousand, two hundred six dollars and three cents ($35,206.03) upon which a judgment for said amount was entered. A motion for a new trial was

seasonably filed and overruled which ruling of the court was duly excepted to by the appellant and this appeal prayed and perfected. The causes or grounds of the motion may be summarized as: (1) excessive damages; (2) error in the assessment of the amount of recovery in that it was too large; (3) the decision of the court is not sustained by sufficient evidence; (4) the decision of the court is contrary to law; and (5) error in excluding certain evidence.

The errors relied upon for reversal are: (1) error of the court in not permitting the appellant to file the verified third and fourth paragraphs of answer heretofore mentioned; (2) error in overruling the motion for a new trial. We will take these alleged errors up in the order above named.

The record, but not the appellant's brief, discloses that the said verified third and fourth paragraphs of answer which were not permitted to be filed were tendered for filing after the appellee had presented all of his evidence and closed his case and after the appellant had moved the court for a judgment for the appellant. Said third paragraph asserted that appellee's appointment as receiver was void for lack of jurisdiction in the Vanderburgh Superior Court over either the person or subject matter. It was an attempt to plead matter in abatement after an answer in bar had been filed and during the midst of the trial. We believe no reversible error was made in the ruling. See *Watts, Trustee et al.* v. *Sweeney et al.* (1891), 127 Ind. 116, 26 N. E. 680, 22 Am. St. Rep. 615; Sec. 389 Burns R. S. 1926. *Boland et al.* v. *Claudel et al.* (1914), 181 Ind. 295, 104 N. E. 577. The said fourth paragraph of answer was by way of estoppel. The appellant has not shown how he was harmed by the ruling of the court thereon. He seems to contend that the court permitted the appellee to introduce evidence not within the issues

which in effect changed the theory of the action but at no place in his brief does he point out any such evidence. There is no assignment of error, indeed, which presents any such error. Only one cause or ground in the motion for a new trial relates in any way to any ruling on the evidence, and the appellant has waived such alleged error by his failure to discuss the same under his Propositions, Points and Authorities in his brief. We find no error in the complained of ruling of the court in refusing to permit said fourth paragraph of answer to be filed.

The motion for a new trial contained 9 causes or grounds, the first being that the damages are excessive. This cause presents no question in the instant case as it has been uniformly held that excessive damages is cause for a new trial in tort cases only. The second cause in the motion is that the court erred in assessing the amount of the recovery in that the amount is too large. The appellant has not seen fit to direct any point or authority to this alleged error and he has therefore waived it. Causes 3, 4, 5, 6, 7 and 8 in the motion relate to the two grounds recognized by the statute, to-wit: (a) that the decision of the court is not sustained by sufficient evidence, (b) the decision of the court is contrary to law. It is necessary to consider the evidence in determining these two questions in the instant case.

Clause 5 of Rule 22 of this court, among other things, provides that: "If the insufficiency of the evidence to sustain the verdict or finding in fact or law is assigned, the statement shall contain a condensed recital of the evidence in narrative form so as to present the substance clearly and concisely. The statement will be taken to be accurate and sufficient for a full understanding of the questions for decision unless the opposite party in his brief shall make necessary corrections or additions."

The above rule has been interpreted many times by our courts. In the case of *Webster* v. *Bligh* (1912), 50 Ind. App. 56, 98 N. E. 73, the court said: "When an appeal is taken to this court, every presumption is indulged in favor of the correctness of the judgment of the trial court. The burden is on appellant to show error in the decision and judgment appealed from and the error complained of must be specifically pointed out, substantially in the manner provided by the rules. This court will not search the record for errors on which to reverse a judgment. Until appellant has substantially complied with the rules, there is no occasion for appellee to submit a brief on the merits of the case. He is not required in his brief to supply omissions in the brief of appellant. He has a right to assume that the rule requiring appellant to set out the evidence in narrative form will be uniformly enforced." See also: *Michael* v. *State of Indiana* (1912), 178 Ind. 676, 99 N. E. 788; *Welch* v. *State* (1905), 164 Ind. 104, 72 N. E. 1043; *Pittsburgh, etc., R. R. Co.* v. *Wilson* (1903), 161 Ind. 701, 66 N. E. 899; *Security Accident and Sick Benefit Association* v. *Lee* (1903), 160 Ind. 249, 66 N. E. 745; *Ireland et al.* v. *Huffman et al.* (1909), 172 Ind. 278, 88 N. E. 508. It is settled law that where the appellant has not substantiallly complied with the rule, that the appellee need not supply the omissions but may rely upon the court to enforce the rule. See *Webster* v. *Bligh, supra.* See also, the cases cited above.

In the instant case we think that the appellant has failed almost completely to comply with the rule. He certainly has not complied substantially with it. There were a large number of exhibits introduced in evidence, many of which are vital and necessary to any understanding of the evidence. With reference to at least 16 of the exhibits, it may be said that neither the exhibits nor their substance were set out in the appel-

lant's brief. In almost all instances where any attempt is made to state the substance of any of the exhibits it was done by a mere characterization of the exhibit. A mere conclusion of the author of a brief as to what the evidence shows is not sufficient. Rule 22 has been in force for such a length of time and has been so often construed by the courts that there is little or no excuse for the failure to comply with it. Without setting the rule aside we are not able to determine any questions that must be determined from the evidence in the instant case. By his failure to comply with the rule the appellant is not in a position to insist upon the determination of the question as to whether the decision of the court is sustained by sufficient evidence or is contrary to law in the sense that it is not sustained by sufficient evidence.

Cause 9 in the motion for a new trial relates to the alleged error of the court in excluding certain evidence. The appellant has waived this alleged error by his failure to discuss the same under his Propositions, Points and Authorities in his brief.

We have found no reversible error.

Judgment affirmed. Kime, P. J., not participating.