SWARTHOUT ET AL. *v.* McDONALD MORTGAGE AND REALTY COMPANY.

[No. 14,953. Filed January 31, 1936. Rehearing denied April 24, 1936. Transfer denied June 30, 1936.]

300

*Estal G. Bielby, Chester E. Bielby* and *Cassius W. McMullen,* for appellants.

*Charles A. Lowe* and *Crawford A. Peters,* for appellee.

CURTIS, C. J.—The appellee, a Florida corporation, sold the appellants Lots 16 and 17 in Block 5 in the Biltmore Park Subdivision in the city of Lakeland, Florida. The total purchase price was $7,700.00, the first mentioned lot being priced at $3,300.00 and the second made up the balance. The sum of $1,925.00 was paid in cash and the balance was evidenced by ten promissory notes (five for each lot) secured by a mortgage on said real estate due in 1, 2, 3, 4, and 5 years after date. These notes and the mortgage were signed by the appellants at their residence in Indiana and then by them sent to Florida for delivery as will be detailed later in this opinion. The notes were payable to the order of the appellee at the office of the First National Bank of Lakeland, Florida. The first of each of the series of notes was paid by the appellants when due as well as the first year's interest on each of the other notes. After default had been made in the payment of the remaining notes the appellee brought suit in this state upon said notes. The complaint was in eight paragraphs, each upon one of the notes. The notes were in the usual form for promissory notes and the complaint was likewise in the ordinary form used in a suit upon such notes.

The complaint was answered in seven paragraphs; the first being a general deniel; the second pleaded no consideration; the third no consideration as to all

amount demanded except $1,000.00; the fourth alleged fraud on the part of the appellee in the transaction and a failure of consideration as to all of the amount demanded except as to $1,000.00; the fifth likewise alleged fraud upon the part of the appellee and set up the payment by the appellants of the sum of $2,000.00 to the appellee and the execution of the said notes and asked for damages in the sum of $1,500.00; the sixth and seventh paragraphs of answer have been abstracted by the appellants in their brief as follows: "Sixth paragraph alleging appellee a Florida corporation and not a resident of Indiana, sale to appellants, who were residents of Indiana for over twenty years, of land in Florida; that neither appellee nor its agents had any license whatever to sell land in Indiana; nor had it filed its consent to be sued in Indiana; that notes and mortgages were executed in Indiana and were therefore void and same should be cancelled and appellants given judgment for $2,000.00." "Seventh paragraph alleging non-residence of appellee, its failure to obtain license to sell land or do business in Indiana and of which appellants had no knowledge; that appellee had never filed its consent to be sued in Indiana; notes all executed in Indiana and governed by laws of Indiana, the same void; appellants tendered deed to appellee asking notes, etc., be cancelled and damages." The appellee filed demurrers to each of the fifth, sixth, and seventh paragraphs of answer which were overruled. A reply in general denied was then filed to each of the third, fourth, fifth, sixth, and seventh paragraphs of answer. The appellee also filed a second paragraph of reply to each of the fourth, fifth, sixth, and seventh paragraphs of answer setting up in effect that the land was purchased by the appellants in Florida by their agent and detailing the giving of the notes sued upon and alleging the payment of a part of said notes and

interest as mentioned heretofore, to which paragraph of reply the appellants addressed a demurrer which was overruled.

The cause was then tried before the court without the intervention of a jury. Upon proper request the court made a special finding of facts and stated its conclusions of law thereon. These were favorable to the appellee and a judgment was rendered in accordance therewith. A motion for a new trial was seasonably filed and overruled and this appeal prayed and perfected. The error assigned is that the court erred in overruling the appellants' demurrer to the second paragraph of reply, error in dismissing each of the fifth, sixth, and seventh paragraphs of the appellants' answer and counterclaim, error as to each conclusion of law numbered 1, 2, 3, and 4, and error in overruling the motion for a new trial. Said motion contains twenty-three causes or grounds which may be summarized as follows: The first eleven each go to the points that the decision of the court is not sustained by sufficient evidence and is contrary to law. Numbers 12, 13, and 14 each relate to rulings of the court in refusing to strike out certain parts of the evidence. Numbers 15, 16, 17, 18, 19, 20, and 21 each relate to alleged error in overruling the objections of the appellants to certain items of evidence given by the witness Schoonover. Cause number 22 bases error upon the court's ruling in not admitting in evidence a certified copy of the Statute of Limitations of the State of Florida. The last cause or ground of the motion relates to the ruling of the court in striking out one of the answers of the witness E. W. Swarthout.

We will take up first the alleged error as to the ruling on the motion for a new trial. From the special finding of facts we learn that the appellee is a corporation organized and doing business under the laws of the State of Florida and that the appellants are citizens of the

State of Indiana, and reside in the city of Aurora, Dearborn County, Indiana, and that the appellee's place of business is at Lakeland, Polk County, Florida, and that said corporation did not at any time herein mentioned have a license to sell or to offer for sale or to negotiate the purchase or sale or exchange of real estate as provided by sections 9783 to 9791, inclusive, of Burns' Revised Statutes 1926, §§42-1001—42-1009, Burns 1933 (§§14763-14771, Baldwin's 1934), being Acts of 1921, page 733. But it is also found by the court that the said corporation did not sell or offer for sale or negotiate the purchase or sale or exchange of said real estate within the State of Indiana, and was not engaged and did not engage in the real estate business in the State of Indiana and did not engage in the business of a real estate agent or broker in this State, and that the real estate transactions which are the subject of this litigation were made in the city of Lakeland, Polk County, Florida, and were in no wise tainted by any fraud whatever of the appellee. No one in any manner representing the appellee ever was in Indiana in connection with this real estate transaction.

The court further found that the appellants first learned of land for sale and became interested in buying real estate in Lakeland, Florida, in the spring of 1925, and that they became thus interested by an advertisement appearing in the Lakeland Evening Ledger, dated Tuesday, February 3, 1935 (they were subscribers for this newspaper). It is also found that the appellants read a booklet which had been prepared by the appellees before they signed the notes sued upon and that neither of the appellants saw the real estate which they purchased until more than one year after purchase; that in all of the transactions Ernest W. Swarthout, one of the appellants herein, acted as the agent and representative of his wife, Alice P. Swarthout, who is the other appellant, and that she took no part in the negotiations

for the purchase of the said real estate except that she signed the notes sued upon; that the appellants first corresponded with one W. F. Cook of Lakeland, Florida, who was the manager of the Peninsular Telephone Company in that city and that Cook recommended one O. E. Schoonover to the appellants as a proper person to represent the appellants in the purchase of real estate; that the said Schoonover was doing business under the name of Prudential Realty Company of Lakeland, Florida, and that Schoonover, upon Cook's request, corresponded with the appellants and was later authorized by the said appellants to purchase said real estate for them in the city of Lakeland and that thereafter he did act for the said appellants in the purchase of the real estate heretofore mentioned and that the said real estate purchase was consummated through the Nick Burns Realty Company of Lakeland, Florida, who acted as the agent and representative of the appellee and that the said Schoonover was at all times acting for and on behalf of the appellants in the purchase of said real estate and that the notes sued upon were prepared in the State of Florida and sent by Schoonover to the appellants at Aurora, Indiana, to be signed and that said notes were signed by the appellants at their home in Aurora and sent to their agent Schoonover at Lakeland, Florida, through the United States mail to be by him delivered to the appellee in the purchase of said real estate which he accordingly did and that thereafter as heretofore stated in this opinion the said appellants paid the first note of each series of the notes which they gave for the balance of the purchase price of said real estate, also paid the interest on all of said notes up to and including April 20, 1927.

The court further found the total amount due and what a reasonable fee for the appellee's attorney would be. It is also found that the appellants tendered a deed

back to the appellee covering said real estate before the commencement of this action, which said deed was refused by the appellee. At the time the said deed was tendered by the appellants to the appellee they also requested that the notes sued upon be cancelled.

We have read the evidence set out in the appellants' brief and as supplemented by the appellee in its brief. In our opinion the finding of facts is sustained by the evidence. It is, therefore, our opinion that the decision of the court is sustained by sufficient evidence. It is not contrary to law unless it may be said to have been erroneously affected by an error or errors of law occurring at the trial. We now proceed to an examination of such alleged errors as are presented by the appellants.

The appellants complain under specifications 15, 16, 17, 18, 19, 20, and 21 of the motion for new trial that the court erroneously refused to sustain their objection to certain questions propounded to the witness Schoonover. These objections were based upon testimony of Schoonover that he represented the appellants as their agent. When it is remembered that the appellant Ernest W. Swarthout himself testified that Schoonover was his agent in the said real estate transaction then it becomes apparent at once that if there was error in permitting Schoonover to testify that he was the agent of appellant, that such error would be harmless.

Objection was also made to some of Schoonover's testimony to the effect that the Nick Burns Agency was the selling agent of the appellee. We cannot see how this evidence would be harmful to the appellants. The fact remains that it is not disputed that the appellants purchased this real estate from the appellee and it would make no material difference as to what the status of the Nick Burns Company was with reference to the appellee.

Cause twenty in the motion bases error in the ruling

of the court as to the evidence of Schoonover to the effect that the deed, notes, and mortgage were ■ mutually delivered in Lakeland. The basis of the objection was that the question was leading and calls for the conclusion of the witness. The objection, we think, has some merit, but in view of the fact that there is no dispute as to the facts of the transaction we think the court could not have been unduly influenced by the answer of the witness to the question. And this is especially true by reason of the fact that the case was tried before the court.

Cause twelve of the motion is in reference to evidence of the witness Cook who stated that he had a letter from Mr. E. W. Swarthout "asking him to put ■ him in touch with a reliable real estate man, that he wanted to purchase some property in Lakeland to build a home." The basis of the objection is that it permitted to witness to give the contents of a written instrument and that the instrument itself would be the best evidence. We look upon the ruling of the court as to this evidence as entirely harmless even if it should be held to be erroneous. We reach this conclusion by reason of the fact that it is undisputed by the appellants that they asked Cook by letter to put them in touch with a reliable real estate man for the purpose of purchasing some real estate. Furthermore the evidence is of no controlling effect.

Practically the same kind of a question was raised in cause number thirteen of the motion which related to a ruling of the court refusing to strike out of the deposition of Schoonover his statement to the effect that Swarthout asked him by letter to buy the real estate in question.

Cause fourteen of the motion raises a similar question. We believe that these three causes last mentioned do not present any reversible error of the court.

Cause twenty-three of the motion relates to alleged

error of the court in striking out an answer of the witness E. W. Swarthout. The record discloses that ■ the answer was stricken out as not being responsive and as not complying with the condition under which the court had intimated such evidence could be given. The evidence related to the advertisement of the appellee in the newspaper heretofore mentioned and to the said booklet also heretofore mentioned. We do not believe this ruling of the court presents reversible error.

Cause twenty-two of the motion bases error upon a ruling of the court in not admitting into evidence a certified copy of the Statute of Limitations of the ■■ State of Florida. The appellants, however, have not pointed out any pleading to which such evidence would be pertinent or germane and we have discovered no such pleading. There was no error in the ruling. What the law of another state is is a question of fact and can be put in issue only by a pleading presenting such issue. *Tyler* v. *Kent* (1876), 52 Ind. 583; *Knotts* v. *Clark Construction Company* (1921), 191 Ind. 354, 131 N. E. 921, 132 N. E. 678; *The Cable Company* v. *McElhoe* (1915), 58 Ind. App. 637, 108 N. E. 790; *The New York, Chicago & St. Louis Railroad Company* v. *Lind* (1913), 180 Ind. 38, 102 N. E. 449.

The appellants also seek to predicate error upon the action of the trial court in overruling their demurrer to the second paragraph of the appellee's reply. This ■ error (if error) is not available. Where there is a special finding of facts and conclusions of law stated thereon as in the instant case, an antecedent error in overruling a demurrer to a pleading is rendered harmless. The reason for this rule is simple and has been announced in numerous decisions. We cite only a few. *Smith, Trustee et al.* v. *The Wells Manufacturing Company et al.* (1897), 148 Ind. 333, 46 N. E. 1000; *Woodward et al.* v. *Mitchell et ux.* (1895), 140 Ind. 406,

39 N. E. 437; *City of Huntington et al.* v. *Sonken* (1929), 89 Ind. App. 645, 165 N. E. 449. The rule does not apply, however, where the demurrer has been sustained and the language used in the case of *Lind* v. *Douglas* (1925), 83 Ind. App. 380, 148 N. E. 497, where this court applied the rule in a case where the demurrer had been sustained is disapproved. That part of said opinion which is disapproved is as follows: "It has been many times held that where there is a special finding of facts by the court and the facts are fully and correctly found *any* (our italics) antecedent ruling as to the sufficiency of the pleadings, even though erroneous, is harmless and therefore not reversible."

Each of the four conclusions of law are next challenged by the appellants. They are as follows:

"1. That the law is with the plaintiff.

"2. That the notes sued on herein were given for a valid consideration.

"3. That the defendant take nothing by reason of the several paragraphs of answer herein.

"4. That the plaintiff is entitled to recover of and from said defendants the sum of $4,620.00, principal of said notes remaining due, together with the sum of $1,895.22 interest and $550.00 attorney's fee, in all the sum of $7,065.22 together with the costs herein."

The trial court, under the record as we see it, was entirely warranted in concluding that the real estate transaction, which is at the base of the instant case, was wholly a Florida transaction, and that the merely incidental matter of the signing of the notes in Indiana under the facts as found and as heretofore set out has no controlling effect. The defense, therefore, that the appellee had no license to transact business in Indiana must fall. We find no error in the several conclusions of law.

The judgment followed the conclusions of law and was

in accordance with them. One paragraph of the judgment is as follows: "It is further considered and ▮▮ adjudged by the court that the defendants and each of them take nothing upon their counterclaim herein filed and denominated as the fifth, sixth, and seventh paragraphs of answer and that said counterclaim and each and all of the paragraphs thereof filed herein be and the same are hereby dismissed by the court, to the rendition of which said judgment the defendants separately and severally object and except." It is to be noted that after adjudging that the appellants and each of them take nothing upon their counterclaim denominated as the fifth, sixth, and seventh paragraphs of answer, the court went further and ordered that "said counterclaim and each and all of the paragraphs thereof filed herein, be and the same are hereby dismissed by the court."

It is upon this latter part of the judgment that the appellants predicate the alleged error that the court erred in dismissing the appellants' fifth, sixth, and seventh paragraphs of answer and counterclaim. But the findings of facts fully sustains conclusion of law number three which is "That the defendants take nothing by reason of the several paragraphs of answer herein." The judgment followed that finding and then went further with the dismissal order heretofore set out. We treat the dismissal order as surplusage. There had been a full hearing on the merits of these paragraphs of answer and the finding was against the appellants upon them. Under these circumstances the said surplusage used in the language of the judgment is certainly not reversible error. The further point suggested by the appellants that the issues, as formed, permitted the appellee to show a different real estate transaction than the one out of which the notes sued upon grew is without merit. No different real estate transaction from

the one of which the notes sued upon formed a part is anywhere shown or suggested in the evidence.

We have found no reversible error. Judgment affirmed.