STATE EX REL. HAMILTON *v.* OWEN CIRCUIT COURT, CHILDRESS, JUDGE.

[No. 30,544.   Filed October 28, 1964.]

*Robert W. Neal,* of Brazil, for relator.

*Austin B. Childress, pro se.*

*Hickam & Hickam*, of Spencer, Amicus curiae.

PER CURIAM.—Relator has filed original action for writ of mandate in this Court to compel respondent court to call an election in Jefferson School Township of Owen County, Indiana, pursuant to the School Corporation Reorganization Act of 1959, as amended.[1]

Respondent has filed answer to the petition for the writ and the Owen County Committee for Reorganization of School Corporation, as amicus curiae, has filed brief in opposition to the writ.

We need not here consider the particulars of the actions filed in the lower court growing out of the controversy here involved as nowhere in the record does it appear that the duty of the lower court to act has heretofore been presented or brought to the attention of the trial court as required by Rule 2-35 of this Court.

Relator in reply has contended that this requirement is met by a letter written from the chairman of the Clay County Committee for the Reorganization of School Corporations to respondent judge on June 3, 1963. However, ex parte communications by third persons with respondent court can certainly not be deemed a compliance with this rule. In the interest of orderly procedure relator should in a proceeding pending before respondent court present or bring to the attention of such court the question of the duty of the said court to act prior to initiating the action in mandate in this Court.

This rule was intended to obviate needless original actions for writs of mandate and prohibition in this Court by requiring the prior presentation of the ques-

---

1. Burns' § 28-6106 (1964 Supp.), Acts 1959, ch. 202, § 5(3), p. 451; 1961, ch. 231, § 1 (3), p. 544; 1963, ch. 381, § 1(3), p. 982.

tion by the party to the lower court in a proper proceeding and relator having failed to comply therewith, the petition for the writ of mandate must be denied.

Petition denied.

NOTE.—Reported in 201 N. E. 2d 781.

