HAMILTON *v*. AHLEMEYER ET AL.

[No. 31,149. Filed December 11, 1967. Rehearing denied May 15, 1968.]

*Robert W. Neal,* of Brazil, and *Bowen, Myers Northam & Givan,* of Indianapolis, for appellants.

*Charles W. Edwards,* of Spencer, and *Ruckelshaus, Bobbitt & O'Connor,* of Indianapolis, for appellee.

LEWIS, J.—This is an appeal from a judgment against the appellant entered in the Owen Circuit Court denying his prayer for a permanent injunction which would have enjoined the defendants from forming a county unit school corporation. More particularly, the prayer of appellant's complaint below sought to enjoin the county unit plan from including Jefferson Township. The appellant filed his motion for new trial and alleged:

(1) That the decision of the Court is not sustained by sufficient evidence;
(2) That the decision of the Court is contrary to law.

In order to have a factual understanding of the evidence which was presented to the Trial Court in April of 1965, the following background is given. Jefferson Township is one of several townships comprising Owen County, Indiana. The appellant lives in Jefferson Township and is a qualified voter and taxpayer. On May 10, 1963, some 163 of the 554 registered voters of Jefferson Township signed a petition to be released from the Owen County School System and caused this petition to be filed with the Clerk of the Owen County Circuit Court pursuant to Burns' Indiana Statutes, Anno., § 28-6106 (1948 Repl.), [1966 Cum. Pocket Suppl.], the pertinent parts of which read as follows:

"(a) . . . fifteen per cent [15%] or more of the registered voters of any existing school corporation shall file a petition addressed to the county committee otherwise having jurisdiction of such school corporation under this act requesting that their particular school corporation be released to such other county committee for inclusion in its plan with the clerk or clerks of the circuit court or courts where said registered voters of such school corporation reside. . . . (d) Upon receipt of such notification that the county committee accepts jurisdiction, the judge of the circuit court shall call a special election. . . . Such election shall be held not earlier than thirty [30] days nor later than ninety [90] days after the judge has received such notification. . . ."

Also, on May 10, 1963, some 54 of the 554 registered voters of Jefferson Township filed a petition pursuant to Burns' Indiana Statutes, Anno., § 28-2442 (1948 Repl.), [1966 Cum. Pocket Suppl.], requesting that Jefferson Township consolidate with the Worthington-Jefferson Consolidated School Corporation of Greene County, Indiana. The pertinent parts of Burns', § 28-2442, *supra*, read as follows:

"In any county . . . any two [2] or more school corporations . . . may consolidate into one metropolitan school district. . . . (b) . . . a number of registered voters therein equal to five per cent [5%] of the number of votes cast for secretary of state therein at the last preceding general election, may sign and file with the governing body of such school corporation a petition requesting such consolidation. Within

thirty [30] days thereafter the governing body of such school corporation shall adopt a resolution either disapproving such petition or approving such petition and providing for the consolidation. . . ."

On August 1, 1963, the Judge of the Owen Circuit Court set the date for the election sought under Burns', § 28-6106, *supra*, for August 6, 1963. At this time, the resident voters of Jefferson Township would decide whether they wished to be in the Clay or Owen County School Systems.

However, on August 1, 1963, the appellees filed an action in the Owen Circuit Court to mandate the Jefferson Township school officials to either accept or reject the petition for consolidation, filed pursuant to Burns', § 28-2442, *supra*, which was unanswered at that time. (This was cause number 13236 in the Owen Circuit Court, and is not the case here on appeal.)

On August 1, 1963, the Owen Circuit Court issued a temporary injunction which prevented the August 6th election from taking place. This temporary injunction was made permanent on March 4, 1964.

On September 23, 1963, the Owen-County-Unit Plan was proposed. This plan was accepted by the State Commission on January 15, 1964, with the alternative that Jefferson Township may not be included with the rest of the county pending the outcome of the election pursuant to Burns', § 28-6106, *supra*. This plan was approved by the voters in an election held on February 18, 1964.

Fearing that he might be automatically and irrevocably included in the "County-Unit" plan, appellant, simultaneously, on March 2, 1964, filed two (2) actions—one in the Owen Circuit Court and the other in the Indiana Supreme Court, [*State ex rel. Hamilton* v. *Owen Circuit Court* (1964), 246 Ind. 15, 201 N. E. 2d 781]. On April 9, 1964, appellant filed a petition for an injunction in the action which he commenced in the Owen Circuit Court on March 2, 1964. On April 28, 1964, a hearing was held which denied this injunction; how-

ever a restraining order was issued against the appellees preventing them from initiating the "County-Unit" plan until this same matter was settled by the Indiana Supreme Court. On October 28, 1964, this matter was concluded by the denial of the writ.

On December 3, 1964, the appellant again unsuccessfully sought to enjoin the inauguration of the "County-Unit" plan. Finally, on April 21, 1965, trial was held on appellant's amended complaint with the Trial Court deciding that the "County-Unit" plan should be inaugurated.

The appellant contends that he does not wish Jefferson Township to be included in the Owen County School System, but to the contrary, prefers the one of Clay County. An election is needed to make the determination as to whether or not Jefferson Township should be so included in Owen County. Appellant contends that the appellees have blocked such an election by inaugurating the litigation referred to, *supra,* which resulted in a permanent injunction against the holding of the election on August 6, 1963. The appellant argues that the lawsuit brought August 1, 1963, in the Owen Circuit Court to restrain the election in Jefferson Township August 6, 1963, was without merit and was a sham; and, therefore, that the decision of the Trial Court in the case at bar was contrary to law.

The appellant is attempting to make a collateral attack on a judgment under cause number 13236 rendered in a previous case in the Owen Circuit Court by appealing from a subsequent judgment rendered in another case, number 20540, by the Owen Circuit Court.

Appellant cannot be heard to collaterally attack the judgment in the preceding cause in the Owen Circuit Court in view of the fact that appellant has not brought himself within the very strict rules laid down by equity in order to collaterally attack a judgment.

It occurs to us that the jurisdiction for the original subject matter of the cause of action was properly in the Circuit

Court of Owen County and that proper jurisdiction of the parties was obtained; and certainly we cannot conclude that the judgment is void on its face, and, therefore, cannot be attacked collaterally.

In *Winstead, etc.* v. *Koonce* (1961), 241 Ind. 440, 172 N. E. 2d 859, this Court said:

"A judgment regular on its face and one which the court had jurisdiction to render is not subject to collateral attack. *Quarl* v. *Abbett* (1885), 102 Ind. 233, 241, 1 N. E. 476, 52 Am. Rep. 662; *Sassady, et al.* v. *Miller, et al.* (1886), 106 Ind. 69, 71, 5 N. E. 713; *Hall et al.* v. *Durham* (1887), 109 Ind. 434, 435, 9 N. E. 926; *Glansman* v. *Ledbetter* (1921), 190 Ind. 505, 518, 130 N. E. 230; . . ."

We then must finally examine the posture of the various parties. The Comprehensive Plan, as adopted by the Owen County Committee and approved by the State Commission, which was finally voted on by the voters in the affected area provided for the eventuality that Jefferson Township should not be included in the Spencer-Owen Community Schools. All of the statutory proceedings requisite to the adoption of the plan were followed. The adoption of the plan or the alternate plan was followed.

The Court below was justified in finding that the injunctive relief was not a proper remedy. The School Reorganization Act has adequate appeal provisions for those aggrieved by the reorganization procedures and the Court below was justified in determining that a Court of equity should not intervene.

The judgment of the Trial Court is affirmed.

Arterburn and Mote, JJ., concur; Jackson, C. J., concurs in result; Hunter, J., not participating.

NOTE.—Reported in 231 N. E. 2d 278.